IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
*******************************
Third Degree Films Inc.         *
       Plaintiff                *
v.                              *    Civil Action No.: 11-CV.01833-BAH
JOHN DOES 1-152                 *
       Defendants               *
*******************************
```

## MOTION TO QUASH SUBPOENA

John Doe #61 (IP address 96.255.200.249)[1], through its Attorneys, Quartey and Umana, LLC., moves to quash the subpoena issued to Verizon Communications (Verizon) by the Plaintiff on November 24, 2011, in the above-captioned case, pursuant to Rules 21 and 45(c)(3) of the Federal Rules of Civil Procedure. In support of this motion, John Doe #61 states as follows:

1.  This is an action for copyright violation filed by the Plaintiff alleging that one hundred and fifty two defendants downloaded plaintiff's movie. The Plaintiff issued the subpoena to identify the defendants who are presently identified by IP addresses. The plaintiff alleges that the defendant used the internet software known as Bit Torrent Protocol to download the movie.

2.  On October 20, 2011, the Plaintiff filed a Motion to Expedite Discovery. It sought in the motion permission to issue subpoena to the Internet Service Providers to determine the identities of the defendants

---

[1] The issue of Identity is a central issue in the subpoena and to protect that, John Doe #61 as been used in the Motion to identify the owner of IP.96-255-200.249.

3. On October 21, 2011, the Court granted the Plaintiff the permission to conduct expedited discovery. The Plaintiff seeks in the subpoena to the Internet Service Providers to get the identities of the subscribers alleged to have downloaded the movie at the time of the alleged violation.

4. Pursuant to the order of the Court the Plaintiff on October 21, 2011, issued a subpoena to Verizon seeking disclosure of the subscriber associated with IP address listed for John Doe #61. Exhibit 1.

5. The subpoena issued by Plaintiff to Verizon should be quashed by this Court because the defendants were not properly joined as defendants pursuant to Fed. R. Civ. P. 20. The Defendant John Doe #61 also states that the information sought in the subpoena is protected from disclosure under the Electronic Communications Privacy Act codified at 18 U.S.C. Section 2701-2703 (2011).

WHEREFORE, Defendant John Doe #61(IP 96.255.200.249) moves the Court to dismiss the action as it relates to John Doe #61 for improper joinder of defendants.

Respectfully,

_____
Hope Umana, Esq., D.C. # 495092
Attorneys for Defendant John Doe #61
QUARTEY& UMANA, LLC.
1400 Spring Street, Suite 120
Silver Spring, MD 20910
301-587-0090-Phone
301-587-5540-Fax
Hope@Quarteyumanalaw.com

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the Motion to Quash was served by electronic filing and/or Facsimile and/or first class mail postage prepaid on December 19, 2011 to the following:

Mike Meier
Copyright Law Group, PLLC
4000 Legato Road Suite 1100
Fairfax, VA. 22033

Attorney for Plaintiff: Third Degree Films, Inc.

And

Verizon Legal Compliance
Custodian of Records
P.O. Box 1001
San Angelo, TX. 76902

Via facsimile: 325-949-6916

                _____
                  Hope Umana, Esq.,

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
*******************************
Third Degree Films Inc.         *
       Plaintiff                *
v.                              *   Civil Action No.: 11-CV.01833-BAH
JOHN DOES 1-152                 *
       Defendants               *
*******************************
```

## MEMORANDUM OF POINT AND AUTHORITIES.

The Defendant John Doe hereinafter referred to as John Doe #61, by its Attorneys Quartey &Umana, LLC, respectfully submits this Memorandum of points and authorities in Support of the Motion to Quash Subpoena pursuant to Fed. R. Civ. P. 21 and 45(c)(3) and Local Rule 105.

The Defendant prays the Court to quash the subpoena issued by the Plaintiff to Verizon Communications seeking the identity of IP 96-255.200.249 as assigned by Verizon to John Doe #61.

## STATEMENT OF FACTS

The Plaintiff sued the unnamed defendants alleging that the defendants violated its copyright by simultaneously downloading its movie using the Bit Torrent Protocol software. The Plaintiff alleges that the defendants used software called Bit Torrent Protocol. The Plaintiff does not know the identity of the defendants.

The Internet Service Providers however, know the identities of the subscribers. The Plaintiff sought in its subpoena issued to the Internet Service Provider to disclose the identities of the subscribers.

The Defendant John Doe #61 seeks to quash the subpoena issued by Plaintiff to Verizon because of improper joinder under Fed. R. Civ. P. 20 and because disclosure of protected information pursuant to the subpoena violates the Electronic Communication Privacy Act ("ECPA") codified at 18 U.S.C. section 2701-2703 (2011).

## ARGUMENT AND LEGAL STANDARDS.

### I.      Misjoinder of Defendants violates Fed R. Civ.  P 20:

Fed R. Civ. P. 20 allows for joinder of individuals claims against multiple defendants if the claims arise from a single transaction or series of closely related transactions.

The joinder of these defendants violates Fed. R. Civ. P. 20 because plaintiff has failed to show in its Complaint that the claims arose from a single transaction or a series of closely related transactions.  Exhibit 2.  The Plaintiff has also failed to show in its Complaint that it has a right to relief which it can assert jointly or severally against the defendants.  The Plaintiff has also not shown that there are common questions of law or facts applicable to all the defendants.

The plaintiff alleges that the defendants acted together in downloading the movie "All About Kagney Linn Karter." The evidence the plaintiff submitted to prove that the defendants acted in concert contradicts the allegations in the complaint. The exhibit submitted by the plaintiff shows that the one hundred and fifty two alleged defendants allegedly downloaded the movies at different times. Exhibit 2.  In fact the exhibit shows

that the alleged download happened between May 11, 2011 and July 23, 2011. The plaintiff's allegations that the defendant acted in concert is further undermined by the fact that the document the plaintiff attached to show the IP providers and the time of the download show that the defendants had different Internet Providers.

Courts have refused to join defendants who were alleged to have committed the same violations at different times in one suit. In *Laface Records, LLC v Does 1-38,* 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008) the Court rejected the plaintiff's argument that joinder was proper. The Court stated that the mere fact that the same type of violation occurred the same way does not permit a joinder. *See, e.g., Lightspeed v. Does 1-1000,* No. 10-cv-5604, 2011 U.S. Dist. LEXIS 35392, at *4-7 (N.D. Ill. Mar. 31, 2011) (finding that Doe defendants using Bit Torrent technology were misjoined on the basis that the putative defendants were not involved in the "same transaction, occurrence, or series of transactions or occurrence" under Fed. R. Civ. P. 20(a)(2)(A)(App. 2); *Millenium TGA Inc. v. Does 1-800,* No. 10-cv-5603, 2011 U.S. Dist. LEXIS 35406, at *3-5 (N.D. Ill. Mar. 31, 2011) (same) (App. 3).

## II. The information Sought in the Subpoena Violates (ECPA)

The information sought by the Plaintiff violates the Electronic Communication Privacy Act. 18. U.S.C. 2701-2703. The Act states that only government entities can get disclosure of the contents of electronic communications and customer records under certain circumstances. The government entity must provide the Internet Service Provider with an Administrative receipt, grand jury or trial subpoena. See 18 U.S.C. section 2703(c) *See FTC v. Netscape Communications Corp.,* 2000 U.S. Dist. LEXIS 7870, *3

(N.D. Cal. April 24, 2000)(holding that a Rule 45 discovery subpoena did not fall within the exception for disclosure of subscriber information under 18 U.S.C. section 2703(c)(App. 4); *In Re Subpoena Duces Tecum to AOL, LLC,* 2008 U.S. Dist. Lexis 39349, * 4 (E.D. Va April 18, 2008)(holding that unauthorized private parties and government entities are prohibited from using Rule 45 subpoenas to circumvent the ECPA's protections).  The Act further provides for voluntary disclosure to non governmental entities by Internet Service Providers. See 18 U.S.C. Section 2702(c). Here, the Plaintiff issued subpoena to compel disclosure. This violates the ECPA because subpoena is to compel and not a voluntary act of the Internet Service Provider.

## CONCLUSION

WHEREFORE, Defendant John Doe #61(IP 96.255.200.249) moves the Court to dismiss the action as it relates to John Doe #61 for improper joinder of defendants.

    Respectfully,

    */s/ Hope Umana*

    _____
    Hope Umana, Esq., D.C. # 495092
    Attorneys for Defendant John Doe #61
    QUARTEY& UMANA, LLC.
    1400 Spring Street, Suite 120
    Silver Spring, MD 20910
    301-587-0090-Phone
    301-587-5540-Fax
    Hope@Quarteyumanalaw.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

```
*******************************
Third Degree Films Inc.        *
        Plaintiff              *
v.                             *     Civil Action No.: 11-CV.01833-BAH
JOHN DOES 1-152                *
        Defendants             *
*******************************
```

## ORDER

UPON consideration of the Motion of the Defendant John Doe #61 to Quash Subpoena and the opposition thereto, if any, it is this ____ day of _____, 2011, ORDERED that:

1.  Defendant John Doe #61's Motion to Quash Subpoena be, and hereby is, GRANTED:

2.  Plaintiff's claims against Defendant John Doe #61 be, and hereby is DISMISSED WITH PREJUDICE.

3.  The subpoena issued by Plaintiff to Verizon Communications, in the above case be, and hereby is QUASHED as to Defendant John Doe #61 (IP Address 96255-200-249

_____
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
******************************
Third Degree Films Inc.         *
        Plaintiff               *
v.                              *     Civil Action No.: 11-CV.01833-BAH
JOHN DOES 1-152                 *
        Defendants              *
******************************
```

LIST OF EXHIBITS.

Exhibit 1. - Subpoena to Verizon
Exhibit 2. - List of IP addresses.

Respectfully,

Hope Umana, Esq., D.C. # 495092
Attorneys for Defendant John Doe #61
QUARTEY& UMANA, LLC.
1400 Spring Street, Suite 120
Silver Spring, MD 20910
301-587-0090-Phone
301-587-5540-Fax
Hope@Quarteyumanalaw.com