**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THIRD DEGREE FILMS, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 11-1833(BAH) |
| | Judge Beryl A. Howell |
| DOES 1 - 152, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are motions to dismiss, quash, and for protective orders[1] filed by Gerald Brooks, ECF No. 8, and Mike Lewis, ECF No. 11.  Messrs. Brooks and Lewis (collectively "Movants") are not named as defendants in this case, but claim to have received notices from their Internet Service Providers ("ISPs") that plaintiff Third Degree Films, Inc. seeks certain identifying information in connection with allegations in the Complaint that 152 Internet Protocol ("IP") addresses used a file-sharing program called BitTorrent to download and distribute illegally the plaintiff's copyrighted movie *All About Kagney Linn Karter*.[2]  In response, these two individuals have filed motions seeking to prevent disclosure of their identifying information and otherwise to secure dismissal from the lawsuit.  For the reasons set forth below, their motions are denied.

---

[1] Messrs. Brooks and Lewis style their filings as motions to quash, but, in addition to urging the Court to quash subpoenas issued by the plaintiff to their Internet Service Providers, they also request protective orders and dismissal from this case.

[2] Gerald Brooks and Mike Lewis state that they are identified in the Complaint by IP addresses 70.160.220.88 (John Doe Number 104 in Exhibit A to the Complaint) and 68.55.16.151 (John Doe Number 32 in Exhibit A to the Complaint), respectively.

1

## I. BACKGROUND

On October 18, 2011, plaintiff Third Degree Films, Inc. filed a Complaint against 152 unnamed individuals who allegedly used a file-sharing protocol called BitTorrent to illegally infringe plaintiff's copyright in the motion picture *All About Kagney Linn Karter*. Compl. ¶¶ 3-6. These unnamed computer users are identified only by their IP addresses. Given that the defendants in this case were unidentified at the time the plaintiff initiated the instant lawsuit, on October 21, 2011, the Court granted the plaintiff leave to subpoena ISPs to obtain certain identifying information for the putative defendants. ECF No. 6. Specifically, the Court authorized the plaintiff to obtain "limited information sufficient to identify only the putative Defendants," which included the "name, current and permanent address, telephone number, e-mail address, and Media Access Control (MAC) Address" associated with each IP address listed in Exhibit A to the plaintiff's Complaint. *Id.* at 1.

Since the Court approved expedited discovery, ISPs have provided identifying information for the putative defendants in response to the plaintiff's subpoenas on a rolling basis.[3] Prior to providing the plaintiff with a putative defendant's identifying information, however, the Court required ISPs to send a Court-directed notice to the putative defendants informing them of their right to challenge release of their information in this Court. Order Granting Pl. Leave to Take Expedited Disc., ECF No. 6, app. A.

The Court is now presented with motions from two individuals who seek to prevent disclosure of their identifying information or otherwise obtain dismissal from the lawsuit: Gerald Brooks has filed a motion to quash, ECF No. 8, in which he generally criticizes the plaintiff's alleged evidence against him and objects to disclosure of his "personal, confidential information";

---

[3] Pursuant to Federal Rule of Civil Procedure 4(m), the plaintiff is required to name and serve defendants by February 15, 2012, which is the date within 120 days of filing its Complaint.

and Mike Lewis has filed a "motion to quash," arguing that the Court lacks personal jurisdiction, the plaintiff has improperly joined the putative defendants, and that the Court should allow him to "remain anonymous." ECF No. 11. The Court granted leave to file these motions even though these two individuals are not a party to the lawsuit. For the reasons stated below, the Court denies these motions.

## II. MOTIONS TO QUASH UNDER FEDERAL RULE OF CIVIL PROCEDURE 45

Gerald Brooks has filed a motion to quash the plaintiff's subpoena to his ISP, Cox Communications, on grounds that the evidence of his alleged infringement of the plaintiff's copyright is weak. Specifically, he contends that he "had an unsecured wireless connection which could be hacked or stolen by anyone" and others may have improperly used his IP address to infringe the plaintiff's copyright because "there is software that is designed to make or emulate IP addresses." Brooks Mot. Quash Subpoena, ECF No. 8, at 1. Additionally, both Movants urge the Court to quash the plaintiff's subpoenas to their ISPs because the subpoenas subject them to an undue burden. *See id.*; Lewis Mot. Quash Subpoena, ECF No. 11, at 3; *see also* FED. R. CIV. P. 45(c)(3)(A)(iv). Both of these arguments are unavailing.

Under Federal Rule of Civil Procedure 45(c), the Court must quash a subpoena when, *inter alia*, it "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iii)-(iv). Mr. Brooks' argument that the evidence against him is weak is not a basis for quashing the plaintiff's subpoena. It may be true that Mr. Brooks did not illegally infringe the plaintiff's copyrighted movie, and the plaintiff may, based on Mr. Brooks' assertion that he had an unsecured wireless router, decide not to pursue a copyright infringement claim against him. On the other hand, the plaintiff may decide to name Mr. Brooks as a defendant in order to have the opportunity to contest the merits and veracity of his defense. In other words, if Mr. Brooks is

named as a defendant in this case, he may deny allegations that he used BitTorrent to copy and distribute illegally the plaintiff's movie, present evidence to corroborate that defense, and move to dismiss the claims against him. A general denial of liability or criticism of the evidence against him, however, is not a basis for quashing the plaintiff's subpoena and preventing the plaintiff from obtaining his identifying information. That would deny the plaintiff access to the information critical to bringing Mr. Brooks properly into the lawsuit to address the merits of both the plaintiff's claim and Mr. Brooks' defense. *See, e.g., Achte/Neunte Boll Kino Beteiligungs GMBH & Co, KG v. Does 1 - 4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (denying motions to quash filed by putative defendants in a BitTorrent file-sharing case and stating that while their "denial of liability may have merit, the merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable. In other words, they may have valid defenses to this suit, but such defenses are not at issue [before the putative defendants are named parties].").

Messrs. Brooks and Lewis both argue that the subpoenas issued to their ISPs should be quashed because it subjects them to an undue burden. This argument is also unavailing. The Movants essentially argue that the plaintiff's subpoenas require disclosure of their confidential identifying information, which causes them hardship.[4] The Court recognizes that the putative defendants' First Amendment right to anonymous speech is implicated by disclosure of their identifying information. *See Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332,

---

[4] To the extent that the movants argue that they are subject to an undue burden because this Court lacks personal jurisdiction over them, their personal jurisdiction arguments are premature at this time because they have not been named as parties to this lawsuit. Given that they are not named parties, they are not required to respond to the allegations presented in the plaintiff's Complaint or otherwise litigate in this district. Moreover, the plaintiff has issued subpoenas to ISPs. Consequently, the Movants face no obligation to produce any information under the subpoenas issued to their respective ISPs and cannot claim any hardship, let alone undue hardship. Any reliance they may have placed on Federal Rule of Civil Procedure 45(c)(3)(A)(ii) as an alternate basis to quash the plaintiff's subpoenas is therefore also misplaced. Rule 45(c)(3)(A)(ii) requires the Court to quash a subpoena when the subpoena "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ." The Movants are not required to respond to the plaintiff's subpoenas or otherwise travel away from their homes or places of employment.

349-50 (D.D.C. 2011) ("While copyright infringement is not afforded First Amendment protection, file-sharing does involve aspects of expressive communication."); *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004) ("[T]he file sharer may be expressing himself or herself through the music selected and made available to others."); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 163 (D. Mass. 2008). Nevertheless, whatever asserted First Amendment right to anonymity the putative defendants may have in this context does not shield them from allegations of copyright infringement. *See Call of the Wild*, 770 F. Supp. 2d at 349 ("The First Amendment interest implicated by [BitTorrent users'] activity . . . is minimal given that file-sharers' ultimate aim is not to communicate a thought or convey an idea but to obtain movies and music for free.") (internal quotation omitted); *see also Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights."); *Achte/Neunte*, 736 F. Supp. 2d at 216 n.2 ("[T]he protection afforded to such speech is limited and gives way in the face of a prima facie showing of copyright infringement"); *Sony,* 326 F. Supp. 2d at 567 (First Amendment right of alleged file-sharers to remain anonymous "must give way to the plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Elektra Entm't Grp., Inc. v. Does 1-9*, No. 04-cv-2289, 2004 WL 2095581, at *4-5 (S.D.N.Y. Sept. 8, 2004) (finding that First Amendment right to anonymity is overridden by plaintiff's right to protect copyright).

Finally, Messrs. Brooks and Lewis generally contend that the plaintiff's subpoenas to their ISPs for their identifying information should be quashed because they are "an improper way to obtain the requested information." Brooks Mot. Quash Subpoena, ECF No. 8, at 1. The movants fail to recognize that there is simply no other means for the plaintiff to obtain

identifying information for those allegedly infringing its copyright. *See Arista Records LLC v. Does 1-27*, 584 F. Supp. 2d 240, 252 (D. Me. 2008) ("[T]he Court begins with the premise that the Plaintiffs have a statutorily protected interest in their copyrighted material and that the Doe Defendants, at least by allegation, have deliberately infringed that interest without consent or payment. Under the law, the Plaintiffs are entitled to protect their copyrighted material and it is difficult to discern how else in this unique circumstance the Plaintiffs could act. Not to act would be to allow those who would take what is not theirs to remain hidden behind their ISPs and to diminish and even destroy the intrinsic value of the Plaintiffs' legal interests."). A copyright owner's effort to counter broad-scale infringing activity through the use of BitTorrent and other file-sharing protocols is a difficult challenge, and copyright owners' efforts to protect their copyrighted works through Doe actions, such as this one, are "costly[,] time consuming[,] . . . cumbersome and expensive." *In re Charter Commc'ns, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, 782 (8th Cir. 2005) (Murphy, J., dissenting). Yet, copyright owners have limited alternatives to obtain redress for infringement of their protected works other than such lawsuits. Individuals infringing the plaintiff's copyright through the use of BitTorrent do so anonymously, and can only be identified by their IP address and the date and time the alleged infringing activity occurred. *See* Pl.'s Mot. Expedited Discovery, ECF No. 4, Ex. 2, Decl. Jon Nicolini, ¶¶ 19-20. Only by issuing subpoenas to ISPs can the plaintiff obtain information to identify the individuals who allegedly used the IP addresses implicated in the alleged infringing activity. *In re Charter Commc'ns*, 393 F.3d at 775 n.3 ("[A]s a practical matter, copyright owners cannot deter unlawful peer-to-peer file transfers unless they can learn the identities of persons engaged in that activity."). As stated earlier, these individuals may have legitimate defenses to the plaintiff's copyright infringement claims, but the plaintiff is entitled to take steps to protect its

copyrighted material and an opportunity to contest their denial of liability, which necessitates identifying the alleged infringers.

The plaintiff's subpoenas requesting the putative defendants' identifying information is not improper and does not subject the Movants to an undue burden. Nor is the plaintiff's request for the information outweighed by any privacy interest or First Amendment right to anonymity. Moreover, a general denial of liability is not a proper basis to quash the plaintiff's subpoenas. Accordingly, the Movants' motions to quash the subpoenas are denied.

### III. MOTIONS FOR PROTECTIVE ORDERS

Mr. Lewis urges the Court to issue an order so that he may "remain anonymous" because "[r]evealing [his] identity in order to submit this motion effectively provides the information to the Plaintiff . . . [and] will lead to an undue burden . . . to prove [his] innocence." Lewis Mot. Quash Subpoena, ECF No. 11, at 3. Similarly, Mr. Brooks argues that the subpoena directed to his ISP "seeks confidential and private information that should not be released without a Protective Order." Brooks Mot. Quash Subpoena, ECF No. 8, at 1.

Rule 26(c) provides that a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). Such protective orders may forbid disclosure altogether, or, among other measures, "limit[ ] the scope of disclosure or discovery to certain matters." FED. R. CIV. P. 26(c)(1)(A), (D). "[A]lthough Rule 26(c) contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984)).

As a preliminary matter, the Messrs. Brooks and Lewis are not subject to the plaintiff's

subpoenas, and therefore do not face any "annoyance, embarrassment, oppression, or undue burden or expense" from the plaintiff's discovery request. *See* FED. R. CIV. P. 26(c)(1). To the extent that the Movants seek protective orders to prevent disclosure of identifying information, the Court has held, as explained above, that the putative defendants' First Amendment rights to anonymity in the context of their BitTorrent activity is minimal and outweighed by the plaintiff's need for the putative defendants' identifying information in order to protect its copyrights. *See Call of the Wild*, 770 F. Supp. 2d at 348-54. Messrs. Brooks and Lewis' requests for protective orders are therefore denied.

## IV.   MOTIONS TO DISMISS BASED ON IMPROPER JOINDER

Mr. Lewis argues that the plaintiff "has improperly joined unrelated Doe defendants in a single action" and he should be severed from the plaintiff's lawsuit against the other Doe defendants. Lewis Mot. Quash Subpoena, ECF No. 11, at 3. Mr. Lewis' argument that he has been improperly joined may be meritorious should he be named as a defendant in this action. At this stage in the litigation, however, when discovery is underway to learn identifying facts necessary to permit service on Doe defendants, joinder, under Federal Rule of Civil Procedure 20(a)(2), of unknown parties identified only by IP addresses is proper.

Pursuant to Federal Rule of Civil Procedure 21, the remedy for improper joinder is not dismissal of the action. FED. R. CIV. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.").[5] Improper joinder may be remedied by "drop[ping]" a party and severing the claim

---

[5] Rule 21 does not set forth what constitutes misjoinder, but "it is well-settled that parties are misjoined when the preconditions of permissive joinder set forth in Rule 20(a) have not been satisfied." *Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 12 (D.D.C. 2004) (citation omitted). Courts have also read Rule 21 in conjunction with Rule 42(b), which allows the court to sever claims in order to avoid prejudice to any party. *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002); *see also* FED. R. CIV. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."). In addition to the two requirements of Rule 20(a)(2), courts therefore also consider whether joinder would prejudice any party or result in needless delay. *See Lane v. Tschetter*, No. 05-1414, 2007 WL 2007493, at *7 (D.D.C. July 10, 2007); *Tenet*, 216 F.R.D. at 138.

against that party.  FED. R. CIV. P. 21 ("On motion or on its own, the Court may at any time, on just terms, add or drop a party.").  This would simply create separate actions containing the same claims against the same dropped putative defendants.  *See Bailey v. Fulwood*, No. 10-cv-463, 2010 U.S. Dist. LEXIS 141356, at *11 (D.D.C. Feb. 15, 2010); *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("[S]everance of claims under Rule 21 results in the creation of separate actions.").  The Court may exercise discretion regarding the proper time to sever parties, and this determination includes consideration of judicial economy and efficiency.  *See Disparte v. Corporate Exec. Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) (Permissive joinder under Federal Rule 20 is designed "to promote trial convenience and expedite the resolution of lawsuits," quoting *Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999)).

For example, in *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153 (D. Mass. 2008), the court consolidated separate Doe lawsuits for copyright infringement since the "cases involve[d] similar, even virtually identical, issues of law and fact: the alleged use of peer-to-peer software to share copyrighted sound recordings and the discovery of defendants' identities through the use of a Rule 45 subpoena to their internet service provider." *Id.* at 161.  In the court's view, consolidation of the separate lawsuits for the purposes of expedited discovery "ensures administrative efficiency for the Court, the plaintiffs, and the ISP, and allows the defendants to see the defenses, if any, that other John Does have raised." *Id.*  The court noted that, after discovery, "[t]he case against each Doe [would] be individually considered for purposes of any rulings on the merits," and the putative defendants could "renew the severance request before trial if the case proceeds to that stage." *Id.* at 161 n.7.

In addition to providing efficiencies for expedited discovery on jurisdictional issues,

9

defendants may be properly joined in one action when claims arise from the same transaction or occurrence or series of transactions or occurrences; and any question of law or fact in the action is common to all defendants. FED. R. CIV. P. 20(a)(2); *see also Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 35 (D.D.C. 2008) (interpreting Rule 20(a)(1), which has the same requirements as Rule 20(a)(2)). The requirements for permissive joinder are "liberally construed in the interest of convenience and judicial economy in a manner that will secure the just, speedy, and inexpensive determination of the action." *Lane v. Tschetter*, No. 05-1414, 2007 WL 2007493, at *7 (D.D.C. July 10, 2007) (internal quotation omitted); *see also Davidson v. District of Columbia*, 736 F. Supp. 2d 115, 119 (D.D.C. 2010). Thus, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; [and] joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

In the present case, the plaintiff has met all the requirements for permissive joinder under Federal Rule of Civil Procedure 20(a)(2). The first requirement is that claims must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2)(A). This essentially requires claims asserted against joined parties to be "logically related." *Disparte*, 223 F.R.D. at 10.

The plaintiff alleges that the putative defendants used the BitTorrent file-sharing protocol to distribute illegally the plaintiff's motion picture. Compl. ¶¶ 6-8; *see also* Compl., Ex. A. The plaintiff states that BitTorrent allows users to download a file by "receive[ing] a different piece of the data from each peer who has already downloaded the file." *Id.* ¶ 7. Thus, the file-sharing protocol makes "every downloader [] also an uploader of the illegally transferred file." *Id.* According to the plaintiff, each putative defendant is a possible source for the plaintiff's motion

picture, and may be responsible for distributing this copyrighted work to the other putative defendants, who are also using the same file-sharing protocol to copy and distribute the same copyrighted work. The plaintiff further asserts that the IP addresses listed in the Complaint "have utilized the same exact hash mark . . . which establishes them as having taken part in the same series of transactions." *Id.* at ¶ 8. While the putative defendants may be able to rebut these allegations at a later date, at this procedural juncture the plaintiff has sufficiently alleged that its claims against the putative defendants potentially stem from the same transaction or occurrence, and are logically related. *See Arista Records*, 551 F. Supp. 2d at 11.

The second requirement for proper joinder under Rule 20(a)(2) is that the plaintiff's claims against the putative defendants must contain a common question of law or fact. FED. R. CIV. P. 20(a)(2)(B); *see also Disparte*, 223 F.R.D. at 11. The plaintiff has met this requirement as well. The plaintiff must establish against each putative defendant the same legal claims concerning the validity of the copyright at issue and the infringement of the exclusive rights reserved to the plaintiff as the copyright holder. Furthermore, the putative defendants are alleged to have utilized the same BitTorrent file-sharing protocol to distribute and download illegally the plaintiff's movie and, consequently, factual issues related to how BitTorrent works and the methods used by the plaintiff to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant. The Court recognizes that each putative defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B).

In addition to the two requirements for permissive joinder under Rule 20(a)(2), the Court must also assess whether joinder would prejudice the parties or result in needless delay. *See*

*Lane,* 2007 WL 2007493, at *7; *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002). At this stage in the litigation, it will not. The putative defendants are currently identified only by their IP addresses and are not named parties. They are thus not required to respond to the plaintiff's allegations or assert a defense. Mr. Lewis and any named defendant may be able to demonstrate prejudice should the plaintiff name and proceed with a case against them,[6] but Mr. Lewis cannot demonstrate any harm that is occurring to him before that time. In addition, rather than result in needless delay, joinder of the putative defendants facilitates jurisdictional discovery and expedites the process of obtaining identifying information, which is prerequisite to reaching the merits of the plaintiff's claims. The plaintiff has met the requirements of permissive joinder under Rule 20(a)(2) and joinder of the putative defendants is proper. The Court therefore concludes that severance at this procedural juncture, as numerous other courts both in and outside this District have held, is premature. *See, e.g., Call of the Wild,* 770 F. Supp. 2d. at 341-45; *Achte/Neunte*, No. 10-cv-453 (D.D.C. July 2, 2010) (Order denying motion to sever putative defendants) (Collyer, J.); *Arista Records*, 551 F. Supp. 2d at 11 (Kollar-Kotelly, J.); *London-Sire Records*, 542 F. Supp. 2d at 161 n.7 (D. Mass. 2008); *Sony Music*, 326 F. Supp. 2d at 568 (S.D.N.Y. 2004).

V.      **MOTIONS TO DISMISS BASED ON LACK OF PERSONAL JURISDICTION**

Mr. Lewis asserts that he should be dismissed from this lawsuit because the Court lacks personal jurisdiction over him. Lewis Mot. Quash Subpoena, ECF No. 11, at 2-3. He states:

> . . . I can state without a doubt that I have little (in fact almost no contact) with this court's jurisdiction. I do not reside, work, own real estate, interact with residence [sic], nor conduct business in the District of Columbia (except for responding to this Subpoena).

---

[6] Should Mr. Lewis be named in the Complaint, he may raise the argument that the defendants are improperly joined, under Federal Rule of Civil Procedure 20, and move to sever, under Federal Rule of Civil Procedure 21.

*Id*. at 3.  Mr. Lewis' assertion that he has no ties to this jurisdiction would become relevant for the Court's consideration when and if he is named as a party in this action.  He cannot, however, be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) from a lawsuit to which he is not yet a party.

Moreover, to establish personal jurisdiction, the Court must examine whether jurisdiction is applicable under the District of Columbia's long-arm statute, D.C. CODE § 13-423, and must also determine whether jurisdiction satisfies the requirements of due process.  *See GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  Due Process requires the plaintiff to show that the defendant has "minimum contacts" with the forum, thereby ensuring that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also GTE New Media Servs.*, 199 F.3d at 1347.

In cases where a party's contacts with the jurisdiction are unclear and the record before the court is "plainly inadequate," courts have allowed for a discovery period within which to gather evidence to support jurisdiction.  *See GTE New Media Servs.*, 199 F.3d at 1351-52 (reversing lower court's finding of personal jurisdiction, but stating that "[t]his court has previously held that if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified.").  "This Circuit's standard for permitting jurisdictional discovery is quite liberal," *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003), and jurisdictional discovery is available when a party has "at least a good faith belief" that it has personal jurisdiction. *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998).  Courts have permitted discovery even when a party has failed to establish a *prima facie* case of personal jurisdiction.  *See GTE*

*New Media Servs.*, 199 F.3d at 1352 (". . . as the record now stands, there is absolutely no merit to [plaintiff]'s bold claim that the parent companies and subsidiaries involved in this lawsuit should be treated identically. Jurisdictional discovery will help to sort out these matters."); s*ee also In re Vitamins Antitrust Litigation*, 94 F. Supp. 2d 26, 35 (D.D.C. 2000) (discussing *GTE New Media Servs.* and stating that "the D.C. Circuit held that although plaintiffs had failed to establish a prima facie case of personal jurisdiction and the court was unable to tell whether jurisdictional discovery would assist GTE on this score, plaintiffs were entitled to pursue [discovery]."). In such cases, a party is entitled to pursue "precisely focused discovery aimed at addressing matters relating to personal jurisdiction." *GTE New Media Servs.*, 199 F.3d at 1352.

Although Mr. Lewis asserts that he does not have sufficient contacts with this jurisdiction to justify personal jurisdiction, the Court, as well as the plaintiff, has limited information to assess whether this jurisdictional defense is valid and to evaluate possible alternate bases to establish jurisdiction. *See, e.g., London-Sire Records, Inc.*, 542 F. Supp. 2d at 181 ("Even taking all of the facts in [the putative defendant's] affidavit as true, it is possible that the Court properly has personal jurisdiction."); *Humane Soc'y of the United States v. Amazon.com, Inc.*, No. 07-cv-623, 2007 U.S. Dist. LEXIS 31810, at *10 (D.D.C. May 1, 2007) ("[A] plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum," quoting *Virgin Records Am., Inc. v. Does 1-35*, No. 05-cv-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006)). To be clear, at this stage in the proceedings, the plaintiff is engaged in discovery to identify the proper defendants to be named in this lawsuit, including whether the exercise of jurisdiction over each potential defendant is proper. If and when defendants are ultimately named in this lawsuit, the defendants will have the opportunity to

file appropriate motions challenging the Court's jurisdiction, and the Court will be able to evaluate personal jurisdiction defenses and consider dismissal. Until that time, however, dismissal under Rule 12(b)(2) is inappropriate. *See London-Sire Records*, 542 F. Supp. 2d at 180-81 (stating that it was "premature to adjudicate personal jurisdiction" and permitting plaintiff to engage in jurisdictional discovery); *Sony*, 326 F. Supp. 2d. at 567-68 (same). Accordingly, Mr. Lewis' argument that he should be dismissed from this case because of a purported lack of personal jurisdiction is denied at this time.

## VI.   CONCLUSION

For the reasons stated above, the movants have failed to demonstrate that the plaintiff's subpoenas issued to ISPs should be quashed, that they are entitled to protective orders, or that they should otherwise be dismissed from this case on the basis of improper joinder and a lack of personal jurisdiction. Accordingly, it is hereby

**ORDERED** that the motions to quash, dismiss, and for protective orders filed by Gerald Brooks, ECF No. 8, and Mike Lewis, ECF No. 11, are DENIED.

**SO ORDERED.**

**DATE: JANUARY 4, 2012**

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge