**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Leave to file GRANTED

*Beryl A. Howell* 2/1/2012
Beryl A. Howell          Date
United States District Judge

| | |
|---|---|
| Third Degree Films, Inc. | ) |
| 20525 Nordhoff Street, Suite 25 | ) |
| Chatsworth, CA 91311, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CA No. 1:11-cv-01833-BAH |
| | )    Judge Beryl Howell |
| DOES 1 – 152, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ANSWER AND COUNTERCLAIMS
## OF BAILEY ZWARYCZ, AKA JOHN DOES 116 AND 117

Comes now Defendant, Bailey Zwarycz, 3332 Yellow Sulphur Rd.,

Blacksburg VA 24060, the individual named by Plaintiff as John Does Numbers 116 and

117, mistakenly characterized as two separate individuals, and files her Answer and

Counterclaims against the Plaintiff stating as follows:

## ANSWER

### Nature of Complaint, Jurisdiction and Venue[1]

1. Defendant does not admit or deny the first sentence of paragraph 1 as it merely

   characterizes the nature of the complaint.  Defendant admits the second sentence

   of paragraph 1 to the extent that it alleges that the matters raised implicate federal

   question jurisdiction.

---

[1] The headings of the Complaint are used in this Answer strictly for the Court's convenience.  Defendant does not admit any of Plaintiff's allegations by such use.

R E C E I V E D

JAN 31 2012

Clerk U.S. District & Bankruptcy
Courts for the District of Columbia

1

2.  Defendant denies all allegations contained in paragraph 2 of Plaintiff's complaint except that Defendant admits that Plaintiff lacked knowledge of the name of John Does 116 and 117 at the time the complaint was filed.

### General Allegations

3.  Defendant admits the allegations contained in paragraph 3 of the complaint.

4.  Defendant denies all allegations contained in paragraph 4 of Plaintiff's complaint except that Defendant admits that Plaintiff alleges to lack knowledge of the name of John Does 116 and 117 at the time the complaint was filed.

5.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the complaint.

6.  Defendant denies the allegations contained in paragraph 6 of the complaint.

7.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the complaint.

8.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 8 of the complaint.  Defendant denies all other allegations contained in paragraph 8 of the complaint.  See Exhibit 1, Declaration of Defendant Bailey Zwarycz.

### Count I

### Copyright Infringement Under 17 U.S.C. §§ 101 et seq.

9.  No response is required to the allegations contained in paragraph 9 of the complaint. To the extent a response is require see Defendant's response in paragraph 1 to 8 above.

10.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint.

11.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11of the complaint.

12.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the complaint.

13.  Defendant denies the allegations contained in paragraph 13 of the complaint.

14.  Defendant denies the allegations contained in paragraph 14 of the complaint.

15.  Defendant denies the allegations contained in paragraph 15 of the complaint.

16.  Defendant denies the allegations contained in paragraph 16 of the complaint.

17.  Defendant denies the allegations contained in paragraph 17 of the complaint.

18.  Defendant denies the allegations contained in paragraph 18 of the complaint.

19.  Defendant denies the allegations contained in paragraph 19 of the complaint.

20.  Defendant denies the allegations contained in paragraph 20 of the complaint.

21.  Defendant denies the allegations in the Prayer for Relief and every subparagraph thereof.

22.  Plaintiff has suffered no legally cognizable damages caused by any conduct of the Defendant.

## COUNTERCLAIMS

23.  Defendant Bailey Zwarycz has jurisdiction in this Court for her counterclaims based on any of the following: (a) 28 U.S.C. 1331(a), (b) supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) brought about by Plaintiff filing the Complaint against Bailey Zwarycz in this Court and (c) diversity jurisdiction

pursuant to 28 U.S.C. §1332(a), Bailey Zwarycz being a citizen of the Commonwealth of Virginia and Plaintiff being a citizen of the State of California.

24.   This Court is an appropriate venue for these counterclaims as at least some of the conduct by Plaintiff that gives rise to Defendant Bailey Zwarycz's counterclaims occurred in the District of Columbia.

25. Plaintiff, Third Degree Films, Inc., is a producer and distributor of pornography, including the film *All About Kagney Linn Karter* for which it allegedly seeks copyright protection in the Complaint.

26. Defendant Bailey Zwarycz is a college student who has never downloaded the pornographic film *All About Kagney Linn Karter* or any other pornographic film using her computer or any other computer.  She is unaware of anyone else ever using her computer, modem, or router to download a pornographic film.  See Exhibit 1, Declaration of Bailey Zwarycz.

27. In addition to that film for which it claims protection under the copyright laws of the United States, Plaintiff is the holder of 171 other copyrights for "adult" hard core pornographic films, the titles of some of which are beneath the dignity of the Court and counsel to have herein recited.  See Exhibit 2.

28. While the Complaint is ostensibly about protection of the Plaintiff's copyright to one specific film, this litigation is just one of a series of actions brought by this Plaintiff and other Plaintiffs similarly situated claiming copyright protection for pornographic films. To your Defendant's best knowledge and belief none of these Complaints has ever been brought to trial.

29. The purpose of these suits appears not to be to vindicate existing copyrights, but to embarrass and shame Defendants, such as Defendant Bailey Zwarycz, into paying money to avoid being publicly associated with the downloading of pornography over the Internet and avoid being publicly accused of illegally downloading pornography without paying for it.

30. In terms of public attitudes, to be accused of downloading pornography is to be stigmatized and branded in ways which may never be overcome. Being accused of doing so illegally increases the harm of the accusation exponentially. The accusation tends to brand and stigmatize the innocent accused in ways which may never be overcome. Family relationships, commercial and business opportunities, standing in one's church, stature in one's community, eligibility to assume or run for public office, ability to gain a security clearance, enablement to be admitted to the Bar or deemed eligible for admission to medical school, qualification for a passport or visa, and consideration for awards and honors, all may be impacted by the allegation, even without further proof of its veracity.

31. It is within this framework that the Plaintiff and other producers and distributors of pornography have discovered an opportunity to reap undeserved rewards and to convert their copyrighted materials into a cash generating resource, not through the licensing or sale of their protected product, or the punishment of those who illegally download its protected material through the Internet, but by extorting money from those who have done no illegal act, but who cannot risk the opprobrium of being falsely accused of illegally downloading pornography.

32. In short, the Plaintiff and other hard core porn purveyors conjoin a legal process to an improper purpose and use the courts for an unintended and improper purpose -- namely, to extort money from people innocent of any misconduct.

33. How they do so is instructive:

    a.   They file a Complaint asserting that hundreds, if not thousands, of John Does have illegally downloaded their copyright protected materials.

    b.   The Complaint identifies the John Does as subscribers to certain IP (Internet Protocol) addresses, and further asserts the owner of the IP addresses is the illegal downloader of its copyrighted pornography.

    c.   Plaintiff then files a motion for expedited discovery and seeks leave to serve subpoenas on the Internet Service Providers (ISPs) associated with the named IP addresses. The subpoena commands the ISP to disclose the true identity of the subscribers holding those IP addresses.  Because no defendants have yet been identified by that point, there is no one to resist that motion.

    d.   By verification of the Complaint by a Declaration given under the penalty of perjury, the Plaintiff asserts that upon receipt of the identity of the IP address subscriber whom they believe is associated with an alleged illegal download of its copyrighted film, the Plaintiff will know the identity of the person who downloaded, copied, and distributed their pornographic film. [2]  Plaintiff makes it clear that it will move to amend the Complaint to name the John Does in proper person, because the John Does are

---

[2]      See, e.g., Exhibit B to Complaint, Declaration of Jon Nicolini, paragraphs 18-21.

purportedly the owners of the IP addresses whose computers were used to "willfully and intentionally" download, copy, and distribute Plaintiff's pornographic film – this personal attack on the John Does being made despite Plaintiff's admission that the identities of the John Does are unknown to Plaintiff at the time of filing of the Complaint.

e.  Upon issuance of the subpoena to the ISPs, Plaintiff provides the ISPs with information to pass on to the subscribers whose identity is sought, advising them of any deadline within which they must act to challenge the disclosure of their identity, and providing a copy of the subpoena which contained the name, address, and phone number of Plaintiff's counsel, thus enabling the John Does to contact Plaintiff's counsel if they wish to settle this claim before their identity is publicly disclosed.

f.  The allegations of the Complaint were made by Plaintiff despite the fact that Plaintiff either knew or should have known that the IP addresses it identifies in the Complaint are not IP addresses of computers but of devices, some of which may be computers, some of which may be video games, some of which may be routers, some of which may be telephones, and some of which may be other devices and that the subscribers with those IP addresses may not even have a computer using or generating that IP address, but may have it connected to a different device such as a video game, router, telephone, or other device capable of operation through a modem.  ISPs, such as Comcast, are unable to tell the Plaintiff in response to the subpoena what type device, if any, is connected to the modem with

the listed IP addresses.  See attached Exhibit 3, Declaration of Stephen

Hendricks, Comcast engineer.[3]  See also attached Exhibit 4, Declaration of

Sensei Enterprises, Inc.

g.  The allegations in the Complaint were made despite the fact that Plaintiff

knew that if a computer was used to illegally download, copy, and

distribute its film using a device with the IP addresses listed in the

Complaint, theoretically it could have been downloaded, copied, and

distributed by a person with a computer other than the holder of the device

with the cited IP address and without the knowledge or consent of that

person, and therefore, in fact, could have been downloaded from a truck

parked outside of Bailey Zwarycz's residence without her even realizing

that anyone was using her Internet connection to do the downloading.[4, 5]

Interestingly, on July 29, 2011, Plaintiff's counsel stated in a web site

---

[3]     Stephen Hendricks is a Comcast engineer by profession but also is an independent computer
dealer.  He neither speaks on behalf of Comcast, nor is he authorized to speak on behalf of Comcast.

[4]     A router that is not protected by a password is one of the types of devices that can be detected by a
simple device called a "hot spot detector."  One need only Google the term "hot spot detector" to identify
many vendors on the Internet selling such detectors to anyone with $9.00 to spend to obtain such a device.
There apparently is nothing illegal about selling or possessing such a device.  Even more fascinating is the
fact that every iPhone is a hot spot detector.  If one takes an iPhone and clicks on the "Settings" icon a page
of "Settings" appears, one of which is "Wi-Fi."  If "Wi-Fi" is clicked on, a page appears of "Wi-Fi
Networks."  If the top line on the page reading "Wi-Fi" is clicked on, there appears a list of all Wi-Fi
networks within reach of the iPhone, including a category of "Other."  This is a "hot spot detector" doing
what hot spot detectors do – finding Wi-fi networks close enough to register on the iPhone.  By using that
function, an iPhone can tell someone where they can find an unprotected router by which they can
download Internet materials without the awareness, knowledge, or consent of the owner of the Internet
connection being used by that intruder.
        It is estimated that 80% of all consumer routers are not password protected.  Once a person has a
hot spot detector, such as an iPhone, he can set up near the identified router detected by the iPhone in a
nearby pickup truck, for example, and download films from the Internet using the router without the
awareness, knowledge, or consent of the owner of the router.

[5]     For an instructive article on this problem, see
http://www.pcworld.com/article/122153/the_case_of_the_stolen_wifi.html.

8

publishing an article about the law firm for which he was working that
supports Defendant Bailey Zwarycz's position that anyone could
download illegally from an innocent person's router without the innocent
person being aware of it – the opposite of what Plaintiff contends.[6]

### Count I - Abuse of Legal Process

34. Defendant Bailey Zwarcyz incorporates paragraphs 1-33 as if set forth fully
herein.

35. Plaintiff is a client of the Copyright Enforcement Group, LLC ("CEG"), whose
Vice President of Technology, Jon Nicolini, made a Declaration in support of
Plaintiff's Motion For Leave to Take Discovery Prior to a Rule 26(f) Conference
("Nicolini Declaration"). In this Declaration, Nicolini alleges that CEG can
obtain the IP addresses of <u>computers</u> that are distributing at least a substantial
portion of a copy of a copyrighted work owned by Plaintiff.[7] <u>That is patently
false.</u>[8] Plaintiff falsely alleges that through this process, it has identified the
<u>computer</u> of Defendant Zwarycz (John Doe 116/117). <u>Such is impossible.</u>[9] In
its Complaint, Plaintiff has made a verified allegation that Bailey Zwarycz -- John
Doe 116/117 -- willfully and intentionally downloaded, copied, and distributed
the pornographic film copyrighted by Plaintiff. It is <u>absolutely impossible</u> for

---

[6]   The article appears at the following link:
http://www.redorbit.com/news/technology/2087693/the_copyright_law_group_to_represent_thos_accusedo
f_copyright/

[7]       See Exhibit B to Complaint, Jon Nicolini Declaration, paragraphs18-21.

[8]       This is totally false. See Exhibit 3, Declaration of Stephen Hendricks, and Exhibit 4, Declaration
of Sensei Enterprises, Inc.

[9]       The allegations are made in the Complaint, paragraph 17 and appended Exhibit B, at paragraphs
18, 19, and 22. But see Hendricks Declaration, Exhibit 3, and Exhibit 4, Declaration of Sensei Enterprises,
Inc.

Plaintiff to make such an allegation in good faith, as it is absolutely impossible for Comcast or Plaintiff or anyone else to determine from an IP address (a) what type device was connected to the Internet connection of Bailey Zwarycz on the date in issue, July 5, 2011, (b) who was using that device on that date, (c) who was aware of the use of that device on that date, or (d) the physical location of the any device that was linked to that IP address on that date.[10]

36.  In order to be able to threaten Ms. Zwarycz and all other John Does 1-152 with disclosure of the allegations that they were downloading, copying, and distributing pornography, Plaintiff used the statements made in the Nicolini Declaration and the Complaint, as verified under penalty of perjury by Plaintiff's counsel, to move for and obtain from this Court an order authorizing the issuance of subpoenas to the Internet Service Providers for the disclosure of the true identity of each subscriber linked to the disclosed IP addresses.  The key allegations used to convince the Court to authorize the issuance of the subpoena were false and Plaintiff misled the Court in order to further its scheme.

37. Bailey Zwarycz's Internet Service Provider, Comcast, was served such a subpoena from this Court requesting Comcast's personnel to identify John Does 116 and 117 (i.e., Bailey Zwarycz) by name and address.

38. Plaintiff knew that in today's information technology environment an IP address is unable to identify a specific computer or a specific user of that IP address at any point in time.  Contrary to the allegations of the Complaint, it is impossible to identify a computer solely from the IP address listed in Exh. A, or even say that

---

[10]      See Exhibits 3 and 4.

the device acquiring the IP address is a computer (as opposed to a video game, router, et al.). See Exhibits 3 and 4.

39. Thus, Plaintiff knowingly made false and reckless statements alleging that Defendant Bailey Zwarycz (John Doe 116/117) willfully and intentionally downloaded, copied, and distributed Plaintiff's pornographic film when it did not have a scintilla of evidence that such was true.

40. Knowing that it had no evidence that John Doe 116/117 was downloading Plaintiff's pornography film, Plaintiff nevertheless effectively threatened that unless Ms. Zwarycz paid Plaintiff the money demanded in Plaintiff's shakedown letter -- $2,500.00 -- Plaintiff assured her that it would make public the identity of John Doe 116/117 as a downloader, copier, and distributer of pornography by litigating the Complaint.

41. In fact, Bailey Zwarycz's computer was at no time capable of downloading Plaintiff's pornographic film in that it never contained Bit Torrent software, the software Plaintiff's consultant Jon Nicolini said in his declaration (Exhibit B to Complaint) was used to download, copy, and distribute the illegally stolen film and to act as a seed or swarm downloader or assembler of Plaintiff's film.[11]

42. Bailey Zwarycz's computer has never contained the downloading software, BitTorrent, and accordingly, Bailey Zwarycz was never able to use BitTorrent to download, copy, or distribute Plaintiff's pornographic film even if she had known about the process and desired to illegally download Plaintiff's film. Plaintiff had no basis for believing, assuming, or even guessing that Bailey Zwarycz ever had

---

[11]      See attached Exhibit 4, Declaration of Sensei Enterprises, Inc., verifying that a complete forensic inspection of Bailey Zwarycz's computer showed that it had never contained such software.

Bit Torrent software on her computer and Plaintiff knew or should have known that there was a substantial possibility that John Doe 116/117's computer would not have the necessary software for downloading due to the IP address being associated with a device other than a computer, yet, without any good faith basis or evidence to support the charge -- none -- Plaintiff and Plaintiff's attorney have falsely accused Bailey Zwarycz of willfully and intentionally downloading, copying, and distributing this film.

43. These false, misleading and reckless assertions, while ostensibly made in order to procure the identity of the person behind the IP address who was downloading Plaintiff's pornography film, were in reality made in order to obtain the issuance of subpoenas to Internet Service Providers, and subsequently to obtain the identity of Bailey Zwarycz and other John Does for the purpose of extorting a settlement to avoid the publicly humiliating yet false claim that Bailey Zwarycz and the others were downloaders of pornography.

44. Abuse of legal process lies where the offending party misuses process to accomplish some purpose not proper in the regular prosecution of a proceeding in order to achieve some ulterior purpose.

45. Plaintiff's desire to identify Defendants and to knowingly use false and fraudulent statements in the process, despite the fact that Plaintiff had not a scintilla of evidence that Bailey Zwarycz downloaded or distributed Plaintiff's film, indicate an ulterior purpose of the Plaintiff.   Plaintiff has obtained the identities of alleged Defendants with the intent to shake them down to obtain a settlement under threat of public shame, irrespective of whether Defendants were responsible

for copyright infringement.  On information and belief, in some of the similar

litigations of this type, identified Defendants receive numerous phone calls and

letters from Plaintiffs' lawyers demanding anywhere from $2,500.00 to

$12,000.00 in order to have their suits dismissed.  Plaintiffs' attorneys then used

the fear of legal fees incurred in hiring an attorney, paying extensive damages

should the case continue, or having their name associated with an illegal act, to

coerce and shake down these defendants into settlement.  Thus, the purpose of

Plaintiff in moving for issuance of subpoenas is to gain identifying information in

order to contact alleged defendants and scare them into a settlement, irrespective

of that defendant's actual guilt or innocence.

46. United States District Judge John Gibney, in the Eastern District of Virginia,

characterized a similar suit in his court:

> "This course of conduct indicates that the plaintiffs have
> used the offices of the Court as an inexpensive means to
> gain the Doe defendants' personal information and coerce
> payment from them.  The plaintiffs seemingly have no
> interest in actually litigating the cases, but rather simply have
> used the Court and its subpoena powers to obtain sufficient
> information to **shake down** the John Does."  (emphasis
> supplied)

*K-Beech, Inc. v. John Does 1-85*, 3:11-cv-469-JAG (*Opinion and order*)

47. Using the threat of a lawsuit or the association of her name with an illegal and

infamous act -- stealing pornography -- Plaintiff attempts to shake down

Defendant Bailey Zwarycz for a monetary settlement, regardless of her innocence

or the interests of justice.  This threat of guilty association is intensified when the

individual is being associated with a pornographic film, as is Bailey Zwarycz.

48. Furthermore, film production companies pursuing such suits often voluntarily dismiss these suits whenever a defendant takes any legal action to defend herself. *Id.* Accordingly, it is clear that Plaintiff is using the issuance of subpoenas not in the interests of justice or in the regular prosecution of a proceeding, but rather to shake down money from fearful individuals. Plaintiffs show no interest in actually litigating these cases once Defendants resist.

49. Plaintiff has not only maliciously put a process into action through fraudulent statements used to obtain the issuance of subpoenas, but there is ample evidence that Plaintiff has intentionally and maliciously abused this process to effect an object not within the proper scope of the issuance of subpoenas, namely, the extortion of settlement money. Plaintiff's counsel told Bailey Zwarycz in a letter mailed to her on January 12, 2012 that if Bailey Zwarycz paid $2,500.00, Plaintiff would drop the suit against her. This offer occurred after the process had been issued, as required for an abuse of legal process claim. *Kalantar v. Lufthansa German Airlines*, 402 F. Supp. 2d 130, 150 (D.D.C. 2005). See Exhibit 5, attached.

**Count II - Defamation**

50. Bailey Zwarycz incorporates paragraphs 1-49 as if set forth fully herein.

51. Bailey Zwarycz notes the following additional facts in support of her claim of defamation.

52. Plaintiff served a subpoena on Comcast in an attempt to obtain information about John Doe 116/117. The subpoena enabled the personnel at Comcast to identify Bailey Zwarycz by her real name and address, and enabled those persons at

Comcast to see Plaintiff's allegations that she violated copyrights in a pornographic film named in the subpoena's attachment and set forth erroneously in the Complaint.[12] Some commentators call this "libel by false innuendo or legal innuendo." A simple Internet inquiry will show anyone reading the subpoena that the film with which Bailey Zwarycz is allegedly involved is a hard core porn film.[13] Public access to the publicly filed complaint with exhibits through Pacer will provide full explication and publishing of the defamatory allegations.

53. Plaintiff clearly alleges a criminal act by Bailey Zwarycz involving moral turpitude for which Bailey Zwarycz could be indicted. Accordingly, this allegation constitutes libel per se.

54. Plaintiff's Complaint clearly alleges criminal violations by Bailey Zwarycz under 17 USC § 506 and makes those allegations knowing that it did not have a scintilla of evidence that Bailey Zwarycz did any of the acts alleged. Those fraudulent allegations were made as a means to obtain the names of people – most of whom, if not all, were probably completely innocent of any downloading of Plaintiff's film – in order to shake them down on threat of identifying them publicly in a suit by a pornographic film company alleging that they illegally downloaded its hard core pornographic film.

---

[12]     Comcast was not provided a copy of the Complaint by Plaintiff, as far as Bailey Zwarycz knows, but could have accessed the Complaint electronically (ECF) or by viewing a copy of the Complaint on Pacer, if it chose to do so, thus seeing all the defamatory allegations in the Complaint.

[13]     With apologies for the need to show graphical pornography ads in this public document, see, e.g., http://www.thirddegreefilms.com/movie/1038/all-about-kagney-linn-karter.

55. By the knowing and fraudulent publishing of allegations about Bailey Zwarycz in the Complaint that Plaintiff knew were totally false, Plaintiff also waived and abandoned any claim of judicial privilege for making defamatory allegations in the Complaint.

56. This allegation of a criminal act is false and severely damaging to Bailey Zwarycz's reputation so as to lower her in the estimation of the community and hold her up to contempt, hate, and ridicule.  The allegation is also likely to deter others from associating with Bailey Zwarycz, thereby affecting and limiting her future academic pursuits, career goals, and employment opportunities.

57. The Plaintiff acted willfully, maliciously, recklessly, and intentionally in failing to ascertain the truth as to the allegations against Bailey Zwarycz before publishing such false allegations on the public record.  The Plaintiff knew that an IP address is not necessarily associated with a specific electronic device or a specific person, and failed to take actions to verify that the IP address allegedly associated with John Doe 116/117 was actually used by Bailey Zwarycz to download the Plaintiff's film, as alleged, before publishing that allegation.

58. Defendant Bailey Zwarycz has been damaged by the infliction of emotional harm, stress, humiliation, damage to reputation, harm to her potential employment and career, mental suffering, and other damages.

WHEREFORE, Defendant Bailey Zwarycz prays for the following relief:

A. Dismiss the Complaint against her with prejudice.

B. Award her compensatory monetary damages in an amount of Ten Million Dollars for infliction of emotional harm, stress, humiliation, damage to reputation, harm

16

to her potential employment and career, mental suffering, inconvenience, and

other injuries suffered by Bailey Zwarycz due to the actions of Plaintiff.

C.   Award her punitive damages in an amount of Ten Million Dollars.

D.   Require Plaintiff to provide counsel for Bailey Zwarycz the identities and

addresses of all 152 John Does identified by the ISPs pursuant to subpoena, on a

counsel's eyes only expedited basis.

E.   Award Bailey Zwarycz her attorney fees, expenses, and costs.

F.   Grant Bailey Zwarycz such other relief to which she may be entitled.

## JURY DEMAND

**Trial by jury is demanded by Defendant as to all issues in her Answer and Counterclaims so triable.**

Bailey Zwarycz
Aka John Doe 116 and John Doe 117

John C. Lowe
John Lowe, P.C.
DC Bar No. 427019
5920 Searl Terrace
Bethesda MD 20816
301-320-3300
301-320-8878 Fax
202-251-0437 Cell
johnlowe@johnlowepc.com


Robert T. Hall
Hall and Sethi, P.L.C.
D.C. Bar No. 5447
12120 Sunset Hills Road
Suite 150
Reston VA 20190
703-925-9500 W
703-435-1790 W
rthall@hallandsethi.com

Counsel for Defendant Bailey Zwarycz (Aka John Does 116 and 117)

17

## Certificate of Service

I certify that a true copy of the foregoing Answer and Counterclaims and five exhibits were mailed on January 30, 2012 to Mike Meier, Esq., The Copyright Law Group, PLLC, 4000 Legato Road, Suite 1100, Fairfax, VA 22033, counsel for Plaintiff.

_____

John C. Lowe

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Third Degree Films, Inc.<br>20525 Nordhoff Street, Suite 25<br>Chatsworth, CA 91311,<br><br>      Plaintiff,<br><br>v.<br><br>DOES 1 – 152,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CA No. 1:11-cv-01833-BAH
Judge Beryl Howell


# Exhibit 1

# Zwarycz Declaration

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THIRD DEGREE FILMS, INC.<br>20525 Nordhoff Street, Suite 25<br>Chatsworth CA 91311,<br><br>     Plaintiff,<br><br>v.<br><br>DOES 1-152,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CA 1:11-CV-01833-BAH<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION**

Declaration of Bailey Zwarycz.

I am identified in the Complaint in this case as John Does 116 and 117. Those identifications are apparently due to IP addresses allegedly identified by Comcast, Inc.

I live in Blacksburg, VA. I have lived in Blacksburg, VA, for more than one year. The Internet account I have was acquired by me more than one year ago from Comcast and has never been used anywhere other than in Blacksburg, VA. My parents live in Richmond, VA. I have not been to Washington, D.C., for any reason in over one year.

Neither I nor anyone else has ever illegally downloaded any movie or film using my Internet connection or computer, to the best of my awareness, knowledge, and belief. However, my router was not password protected in July 2011. I am told that without password protection, someone could have used my router without my knowledge or consent by accessing the signal from the router using electronic equipment in a nearby house or in a truck equipped for such acquisition of signals from my router. To my awareness, knowledge, and belief, no one has ever illegally downloaded information, films, or other downloads from my Internet connection or computer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 26, 2012.

/s/ Bailey Zwarycz
Bailey Zwarycz
aka John Doe 116 and 117

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Third Degree Films, Inc.<br>20525 Nordhoff Street, Suite 25<br>Chatsworth, CA 91311,<br><br>     Plaintiff,<br><br>v.<br><br>DOES 1 – 152,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br>CA No. 1:11-cv-01833-BAH<br>Judge Beryl Howell |

# Exhibit 2

# Third Degree Films Film List



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Keyword = Third Degree Films
Search Results: Displaying 1 through 25 of 10000 entries.

◀ previous  1 26 51 76 101 126 ... 9976  next ▶

*Your search retrieved more records than can be displayed. Only the first 10,000 will be shown.*

Resort results by: Relevance ▾                                [ Set Search Limits ]

| # | Relevance | Full Title | Copyright Number | Date |
|---|-----------|------------|------------------|------|
| ☐ [ 1 ] | ▮▮▮▮ | Cum beggars. | PA0001263886 | 2004 |
| ☐ [ 2 ] | ▮▮▮▮ | Beef eaters. | PA0001263885 | 2005 |
| ☐ [ 3 ] | ▮▮▮▮ | What gets you off. | PA0001252032 | 2004 |
| ☐ [ 4 ] | ▮▮▮▮ | Chicks & salsa | PA0001252031 | 2004 |
| ☐ [ 5 ] | ▮▮▮▮ | Double her pleasure. | PA0001252030 | 2004 |
| ☐ [ 6 ] | ▮▮▮▮ | Share the load : no. 2. | PA0001252021 | 2004 |
| ☐ [ 7 ] | ▮▮▮▮ | About face. | PA0001252020 | 2004 |
| ☐ [ 8 ] | ▮▮▮▮ | Up'R class. | PA0001246278 | 2004 |
| ☐ [ 9 ] | ▮▮▮▮ | What gets you off. | PA0001246276 | 2004 |
| ☐ [ 10 ] | ▮▮▮▮ | Share the load. | PA0001246275 | 2004 |
| ☐ [ 11 ] | ▮▮▮▮ | Camel hoe's. | PA0001246274 | 2004 |
| ☐ [ 12 ] | ▮▮▮▮ | Wetter the better. | PA0001246273 | 2004 |
| ☐ [ 13 ] | ▮▮▮▮ | New releases. | PA0001246272 | 2004 |
| ☐ [ 14 ] | ▮▮▮▮ | Crack addict. | PA0001246271 | 2004 |
| ☐ [ 15 ] | ▮▮▮▮ | Ass cream. | PA0001246270 | 2004 |
| ☐ [ 16 ] | ▮▮▮▮ | Don't tell my daddy. | PA0001246269 | 2004 |
| ☐ [ 17 ] | ▮▮▮▮ | Suck fuck swallow : no. 2. | PA0001290615 | 2005 |
| ☐ [ 18 ] | ▮▮▮▮ | Legal teens. | PA0001290614 | 2005 |
| ☐ [ 19 ] | ▮▮▮▮ | Fresh pink. | PA0001290610 | 2005 |
| ☐ [ 20 ] | ▮▮▮▮ | Black inside me | PA0001283766 | 2005 |
| ☐ [ 21 ] | ▮▮▮▮ | Lick it up. | PA0001283764 | 2005 |
| ☐ [ 22 ] | ▮▮▮▮ | Finger licking good. | PA0001276561 | 2004 |
| ☐ [ 23 ] | ▮▮▮▮ | Threesomes. | PA0001273853 | 2005 |
| ☐ [ 24 ] | ▮▮▮▮ | Ass breeder. | PA0001273852 | 2005 |
| ☐ [ 25 ] | ▮▮▮▮ | Asswhole. | PA0001273851 | 2005 |

Resort results by: Relevance ▾                                [ Set Search Limits ]

[ Clear Selected ] [ Retain Selected ]

◀ previous  1 26 51 76 101 126 ... 9976  next ▶

Save, Print and Email (Help Page)



Help | Search | History | Titles | Start Over

## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Keyword = Third Degree Films
Search Results: Displaying 26 through 50 of 10000 entries.



previous  1 26 51 76 101 126 151 . . 9976  next

*Your search retrieved more records than can be displayed. Only the first 10,000 will be shown.*

Resort results by: Relevance ▼                                    [ Set Search Limits ]

| # | Relevance | Full Title | Copyright Number | Date |
|---|---|---|---|---|
| [ 26 ] | | New releases 2. | PA0001273850 | 2005 |
| [ 27 ] | | Slant eye for the straight guy. | PA0001263892 | 2005 |
| [ 28 ] | | Cum on in. | PA0001263891 | 2005 |
| [ 29 ] | | Camel hoe's 2. | PA0001263890 | 2005 |
| [ 30 ] | | Crack addict 2. | PA0001263889 | 2005 |
| [ 31 ] | | Tits ahoy. | PA0001263888 | 2004 |
| [ 32 ] | | Suck fuck swallow. | PA0001263887 | 2005 |
| [ 33 ] | | Fresh pink 2. | PA0001303118 | 2005 |
| [ 34 ] | | Sweet cream pies. | PA0001303117 | 2005 |
| [ 35 ] | | Wetter the better 2. | PA0001303109 | 2005 |
| [ 36 ] | | Tits ahoy : no. 2. | PA0001290633 | 2005 |
| [ 37 ] | | Cum on in : no. 2. | PA0001290632 | 2005 |
| [ 38 ] | | Finger licking good , no. 3. | PA0001290631 | 2005 |
| [ 39 ] | | Camel hoes : no. 3. | PA0001290630 | 2005 |
| [ 40 ] | | Swallow the leader. | PA0001290629 | 2005 |
| [ 41 ] | | Up'r class : no. 2. | PA0001290628 | 2005 |
| [ 42 ] | | Asswhole : no. 2. | PA0001290627 | 2005 |
| [ 43 ] | | Hand to mouth | PA0001290626 | 2005 |
| [ 44 ] | | Crack addict : no. 3. | PA0001290620 | 2005 |
| [ 45 ] | | Share the load : no. 3. | PA0001290619 | 2005 |
| [ 46 ] | | About face : no. 2. | PA0001290618 | 2005 |
| [ 47 ] | | Cum beggars : no. 2. | PA0001290617 | 2005 |
| [ 48 ] | | White guy black pie. | PA0001290616 | 2005 |
| [ 49 ] | | Lick it up 2, | PA0001303152 | 2005 |
| [ 50 ] | | Suck fuck swallow 3. | PA0001303146 | 2005 |

Resort results by: Relevance ▼                                    [ Set Search Limits ]



[ Clear Selected ] [ Retain Selected ]

previous  1 26 51 76 101 126 151 . . 9976  next

Save, Print and Email (Help Page)



Help | Search | History | Titles | Start Over

## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Keyword = Third Degree Films
Search Results: Displaying 51 through 75 of 10000 entries.


previous  1 26 51 76 101 126 151 176 ... 9976   next

*Your search retrieved more records than can be displayed. Only the first 10,000 will be shown.*

Resort results by: Relevance ▼                                    [ Set Search Limits ]

| # | Relevance | Full Title | Copyright Number | Date |
|---|-----------|-----------|------------------|------|
| ☐ [ 51 ] | ▮▮ ▮▮ | Hand to mouth 2. | PA0001303145 | 2005 |
| ☐ [ 52 ] | ▮▮ ▮▮ | Real racks. | PA0001303144 | 2005 |
| ☐ [ 53 ] | ▮▮ ▮▮ | Spanish Harlem. | PA0001303137 | 2005 |
| ☐ [ 54 ] | ▮▮ ▮▮ | Beefeaters 2. | PA0001303136 | 2005 |
| ☐ [ 55 ] | ▮▮ ▮▮ | Cum beggars 3. | PA0001303128 | 2005 |
| ☐ [ 56 ] | ▮▮ ▮▮ | Chicks & salsa 2. | PA0001303127 | 2005 |
| ☐ [ 57 ] | ▮▮ ▮▮ | Ass breeder 2. | PA0001303126 | 2005 |
| ☐ [ 58 ] | ▮▮ ▮▮ | Ready wet go. | PA0001303125 | 2005 |
| ☐ [ 59 ] | ▮▮ ▮▮ | What gets you off 2? | PA0001303124 | 2005 |
| ☐ [ 60 ] | ▮▮ ▮▮ | Screamin' for semen. | PA0001303123 | 2005 |
| ☐ [ 61 ] | ▮▮ ▮▮ | New releases 3. | PA0001303122 | 2005 |
| ☐ [ 62 ] | ▮▮ ▮▮ | Slant eye for the straight guy 2. | PA0001303121 | 2005 |
| ☐ [ 63 ] | ▮▮ ▮▮ | Camel hoe's 4. | PA0001303120 | 2005 |
| ☐ [ 64 ] | ▮▮ ▮▮ | Crack addict 4. | PA0001303119 | 2005 |
| ☐ [ 65 ] | ▮▮ ▮▮ | Swallow the leader : no. 2. | PA0001333289 | 2005 |
| ☐ [ 66 ] | ▮▮ ▮▮ | Ass breeder : no. 3. | PA0001333288 | 2006 |
| ☐ [ 67 ] | ▮▮ ▮▮ | Liquid assets. | PA0001333287 | 2006 |
| ☐ [ 68 ] | ▮▮ ▮▮ | Black inside me : no. 2. | PA0001333284 | 2006 |
| ☐ [ 69 ] | ▮▮ ▮▮ | Ready wet go : no. 2. | PA0001333283 | 2006 |
| ☐ [ 70 ] | ▮▮ ▮▮ | Swallow the leader : no. 3. | PA0001333282 | 2006 |
| ☐ [ 71 ] | ▮▮ ▮▮ | Chicks & salsa : no. 3. | PA0001333281 | 2006 |
| ☐ [ 72 ] | ▮▮ ▮▮ | About face : no 3. | PA0001333280 | 2006 |
| ☐ [ 73 ] | ▮▮ ▮▮ | Black da fuck up. | PA0001333279 | 2006 |
| ☐ [ 74 ] | ▮▮ ▮▮ | Hand to mouth : no. 3. | PA0001333278 | 2006 |
| ☐ [ 75 ] | ▮▮ ▮▮ | Finger licking good : no. 3. | PA0001333277 | 2006 |

Resort results by: Relevance ▼                                    [ Set Search Limits ]



[ Clear Selected ] [ Retain Selected ]

previous  1 26 51 76 101 126 151 176 ... 9976   next

Save, Print and Email (Help Page)





## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Keyword = Third Degree Films
Search Results: Displaying 76 through 100 of 10000 entries.

previous  1 26 51 76 101 126 151 176 201 ... 9976   next

*Your search retrieved more records than can be displayed. Only the first 10,000 will be shown.*

Resort results by: Relevance                         [ Set Search Limits ]

| # | Relevance | Full Title | Copyright Number | Date |
|---|-----------|------------|------------------|------|
| [ 76 ] | | Up'r class : no. 3. | PA0001333276 | 2005 |
| [ 77 ] | | New releases : no. 4. | PA0001333275 | 2006 |
| [ 78 ] | | Real racks : no. 2. | PA0001333274 | 2006 |
| [ 79 ] | | Cum beggars : no. 4. | PA0001333273 | 2006 |
| [ 80 ] | | Pretty pussies please | PA0001327254 | 2006 |
| [ 81 ] | | Black Thai affair : no. 3. | PA0001343079 | 2006 |
| [ 82 ] | | Liquid ass-sets : no. 2. | PA0001343060 | 2006 |
| [ 83 ] | | Screamin' for semen : no. 2. | PA0001343059 | 2006 |
| [ 84 ] | | Crack addict : no. 5 | PA0001343058 | 2006 |
| [ 85 ] | | White guy, black pie : no. 2. | PA0001343057 | 2006 |
| [ 86 ] | | Lick it up : no. 3. | PA0001343056 | 2006 |
| [ 87 ] | | About face : no. 4 | PA0001343055 | 2006 |
| [ 88 ] | | Tits ahoy : no. 3. | PA0001343054 | 2006 |
| [ 89 ] | | Pure sextacy. | PA0001343040 | 2006 |
| [ 90 ] | | Fresh pink : no. 3. | PA0001343036 | 2006 |
| [ 91 ] | | Share the load : no. 4. | PA0001343035 | 2006 |
| [ 92 ] | | Asswhole : no. 3. | PA0001343034 | 2006 |
| [ 93 ] | | Sloppy seconds. | PA0001333300 | 2006 |
| [ 94 ] | | Illegal ass | PA0001333299 | 2006 |
| [ 95 ] | | Black Thai affair. | PA0001333298 | 2006 |
| [ 96 ] | | What gets you off : no. 3. | PA0001333290 | 2006 |
| [ 97 ] | | Ready, wet, go 3. | PA0001366720 | 2006 |
| [ 98 ] | | Illegal ass 2. | PA0001366719 | 2006 |
| [ 99 ] | | Hand to mouth 4. | PA0001366718 | 2006 |
| [ 100 ] | | Swallow the leader 4. | PA0001366717 | 2006 |

Resort results by: Relevance                         [ Set Search Limits ]

[ Clear Selected ] [ Retain Selected ]

previous  1 26 51 76 101 126 151 176 201 ... 9976   next

Save, Print and Email (Help Page)



| Help | Search | History | Titles | Start Over |

## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Keyword = Third Degree Films
Search Results: Displaying 101 through 125 of 10000 entries.



previous 1 ... 51 76 101 126 151 176 201 226 ... 9976  next

*Your search retrieved more records than can be displayed. Only the first 10,000 will be shown.*

Resort results by: Relevance                                    [ Set Search Limits ]

| # | Relevance | Full Title | Copyright Number | Date |
|---|---|---|---|---|
| [ 101 ] | | Sweet cream pies 2. | PA0001366711 | 2006 |
| [ 102 ] | | Too much is never enough. | PA0001366697 | 2006 |
| [ 103 ] | | Tits ahoy 4. | PA0001366696 | 2006 |
| [ 104 ] | | Spunk'd. | PA0001367601 | 2005 |
| [ 105 ] | | Bring your "A" game. | PA0001367600 | 2006 |
| [ 106 ] | | Porn tarts. | PA0001350138 | 2006 |
| [ 107 ] | | Up'r class 4. | PA0001350116 | 2006 |
| [ 108 ] | | Filthy. | PA0001350112 | 2006 |
| [ 109 ] | | Head case | PA0001350111 | 2006 |
| [ 110 ] | | Pretty pussies please 2. | PA0001350110 | 2006 |
| [ 111 ] | | Wetter the better 3. | PA0001350106 | 2006 |
| [ 112 ] | | Slant eye for the straight guy 3. | PA0001350103 | 2006 |
| [ 113 ] | | Crack addict : no. 6. | PA0001373056 | 2007 |
| [ 114 ] | | Nylons. | PA0001373055 | 2007 |
| [ 115 ] | | All alone. | PA0001373054 | 2007 |
| [ 116 ] | | Cum beggars : no. 5. | PA0001373053 | 2006 |
| [ 117 ] | | Bring your "A" game : no. 3. | PA0001373052 | 2007 |
| [ 118 ] | | New releases : no. 5. | PA0001373051 | 2007 |
| [ 119 ] | | Real racks : no 3. | PA0001373050 | 2007 |
| [ 120 ] | | Teenage heartbreakers. | PA0001373049 | 2007 |
| [ 121 ] | | Cum on in : no. 3. | PA0001373048 | 2007 |
| [ 122 ] | | Spunk'd : no. 6. | PA0001373047 | 2007 |
| [ 123 ] | | Spunk'd 2. | PA0001366887 | 2005 |
| [ 124 ] | | Spunk'd 4. | PA0001366885 | 2006 |
| [ 125 ] | | Spunk'd 3 | PA0001366884 | 2006 |

Resort results by: Relevance                                    [ Set Search Limits ]

[ Clear Selected ] [ Retain Selected ]

previous 1 ... 51 76 101 126 151 176 201 226 ... 9976  next

| Save, Print and Email (Help Page) |



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Keyword = Third Degree Films
Search Results: Displaying 126 through 150 of 10000 entries.



◀ previous | 1 ... 76 101 126 151 176 201 226 251 ... 9976 | next ▶

*Your search retrieved more records than can be displayed. Only the first 10,000 will be shown.*

Resort results by: Relevance ▾                              [ Set Search Limits ]

| # | Relevance | Full Title | Copyright Number | Date |
|---|-----------|------------|------------------|------|
| ☐ [ 126 ] | ▮▮ ▮▮▮ ▮ | Spunk'd 5. | PA0001366883 | 2006 |
| ☐ [ 127 ] | ▮▮ ▮▮▮ ▮ | Bring your "A" game 2. | PA0001366856 | 2006 |
| ☐ [ 128 ] | ▮▮ ▮▮▮ ▮ | Sloppy seconds 2. | PA0001366723 | 2006 |
| ☐ [ 129 ] | ▮▮ ▮▮▮ ▮ | FINGER LICKING GOOD : 4. | PA0001598316 | 2007 |
| ☐ [ 130 ] | ▮▮ ▮▮▮ ▮ | BREAST SELLER : 2. | PA0001598258 | 2007 |
| ☐ [ 131 ] | ▮▮ ▮▮▮ ▮ | TITS AHOY : 5. | PA0001598330 | 2007 |
| ☐ [ 132 ] | ▮▮ ▮▮▮ ▮ | CREAMERY. | PA0001598325 | 2007 |
| ☐ [ 133 ] | ▮▮ ▮▮▮ ▮ | TOTAL CONTROL : ALEKTRA BLUE. | PA0001598202 | 2007 |
| ☐ [ 134 ] | ▮▮ ▮▮▮ ▮ | HAIR FORCE 1. | PA0001598247 | 2007 |
| ☐ [ 135 ] | ▮▮ ▮▮▮ ▮ | TOTALLY FUCKED. | PA0001598231 | 2007 |
| ☐ [ 136 ] | ▮▮ ▮▮▮ ▮ | BOMB SHELLS. | PA0001598131 | 2007 |
| ☐ [ 137 ] | ▮▮ ▮▮▮ ▮ | WETTER THE BETTER : 4. | PA0001598191 | 2007 |
| ☐ [ 138 ] | ▮▮ ▮▮▮ ▮ | TOO MUCH IS NEVER ENOUGH : 2. | PA0001598223 | 2007 |
| ☐ [ 139 ] | ▮▮ ▮▮▮ ▮ | UP'R CLASS : 5. | PA0001598215 | 2007 |
| ☐ [ 140 ] | ▮▮ ▮▮▮ ▮ | About face : no. 5. | PA0001373061 | 2007 |
| ☐ [ 141 ] | ▮▮ ▮▮▮ ▮ | Black inside me : no. 3. | PA0001373060 | 2007 |
| ☐ [ 142 ] | ▮▮ ▮▮▮ ▮ | Cum to momma. | PA0001373059 | 2007 |
| ☐ [ 143 ] | ▮▮ ▮▮▮ ▮ | Big loves. | PA0001373058 | 2007 |
| ☐ [ 144 ] | ▮▮ ▮▮▮ ▮ | Spanish harlem : no. 2. | PA0001373057 | 2007 |
| ☐ [ 145 ] | ▮▮ ▮▮▮ ▮ | WELCOME TO HOLLYWOOD. | PA0001603769 | 2008 |
| ☐ [ 146 ] | ▮▮ ▮▮▮ ▮ | TEENAGE HEARTBREAKERS : 2 | PA0001603758 | 2008 |
| ☐ [ 147 ] | ▮▮ ▮▮▮ ▮ | BLEACHED TO THE BONE. | PA0001603751 | 2008 |
| ☐ [ 148 ] | ▮▮ ▮▮▮ ▮ | TOP TEN. | PA0001603738 | 2008 |
| ☐ [ 149 ] | ▮▮ ▮▮▮ ▮ | HEAD CASE : 4. | PA0001603712 | 2008 |
| ☐ [ 150 ] | ▮▮ ▮▮▮ ▮ | COME TO MOMMA : 2. | PA0001603794 | 2008 |

Resort results by: Relevance ▾                              [ Set Search Limits ]

[ Clear Selected ] [ Retain Selected ]

◀ previous | 1 ... 76 101 126 151 176 201 226 251 ... 9976 | next ▶



Save, Print and Email (Help Page)



### Help : Search : History : Titles : Start Over

## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Keyword = Third Degree Films
Search Results: Displaying 151 through 175 of 10000 entries.

◄ previous | 1 ... 101 126 151 176 201 226 251 276 .. 9976   next ►

*Your search retrieved more records than can be displayed. Only the first 10,000 will be shown.*

Resort results by: Relevance ▼                                    [ Set Search Limits ]

| # | Relevance | Full Title | Copyright Number | Date |
|---|-----------|------------|------------------|------|
| [ 151 ] | | TOTALLY FUCKED : 2. | PA0001603793 | 2008 |
| [ 152 ] | | Big Loves : 3. | PA0001603790 | 2008 |
| [ 153 ] | | ALL ALONE : 2. | PA0001598326 | 2007 |
| [ 154 ] | | ASS CREAM : 2. | PA0001598341 | 2007 |
| [ 155 ] | | FILTHY : 2. | PA0001598339 | 2007 |
| [ 156 ] | | CHICKS & SALSA : 4. | PA0001598337 | 2007 |
| [ 157 ] | | BREAST SELLER. | PA0001598336 | 2007 |
| [ 158 ] | | HEAD CASE : 2. | PA0001598331 | 2007 |
| [ 159 ] | | FRESH PINK : 4. | PA0001598322 | 2007 |
| [ 160 ] | | PRETTY PUSSIES PLEASE : 3. | PA0001598318 | 2007 |
| [ 161 ] | | BIG BOOB ORGY. | PA0001615697 | 2008 |
| [ 162 ] | | CREAMERY : 2. | PA0001607156 | 2007 |
| [ 163 ] | | BIG LOVES : 2. | PA0001607103 | 2007 |
| [ 164 ] | | NYLONS : 2. | PA0001607124 | 2007 |
| [ 165 ] | | SWEET CREAM PIES : 3. | PA0001607062 | 2007 |
| [ 166 ] | | READY WET GO : 4. | PA0001607086 | 2007 |
| [ 167 ] | | CRACK ADDICT : 7. | PA0001607118 | 2007 |
| [ 168 ] | | PURE SEXTACY : 2. | PA0001607060 | 2007 |
| [ 169 ] | | DREAMGIRLZ. | PA0001607059 | 2007 |
| [ 170 ] | | REAL RACKS : 4. | PA0001607057 | 2007 |
| [ 171 ] | | MASSIVE. | PA0001607122 | 2007 |
| [ 172 ] | | SPUNK'D : 7. | PA0001607150 | 2007 |
| [ 173 ] | | HAND TO MOUTH : 5 | PA0001607101 | 2007 |
| [ 174 ] | | FRESH PINK : 5. | PA0001607084 | 2007 |
| [ 175 ] | | FILLING STATION. | PA0001607085 | 2007 |

Resort results by: Relevance ▼                                    [ Set Search Limits ]

[ Clear Selected ] [ Retain Selected ]

◄ previous | 1 ... 101 126 151 176 201 226 251 276 ... 9976   next ►

| Save, Print and Email (Help Page) |



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Keyword = Third Degree Films
Search Results: Displaying 176 through 200 of 10000 entries.

◀ previous  1 ... 126 151 176 201 226 251 276 301 ... 9976  next ▶

*Your search retrieved more records than can be displayed. Only the first 10,000 will be shown.*

Resort results by: Relevance ▼                              [ Set Search Limits ]

| # | Relevance | Full Title | Copyright Number | Date |
|---|-----------|------------|------------------|------|
| ☐ [ 176 ] | ▮▮ ▮▮ ▮ | HAIR FORCE ONE : 2. | PA0001607157 | 2007 |
| ☐ [ 177 ] | ▮▮ ▮▮ ▮ | HAIR FORCE ONE 3. | PA0001633501 | 2008 |
| ☐ [ 178 ] | ▮▮ ▮▮ ▮ | READY WET GO 5. | PA0001632102 | 2008 |
| ☐ [ 179 ] | ▮▮ ▮▮ ▮ | CREAMERY 3. | PA0001632098 | 2008 |
| ☐ [ 180 ] | ▮▮ ▮▮ ▮ | CUM ON IN 4. | PA0001632110 | 2008 |
| ☐ [ 181 ] | ▮▮ ▮▮ ▮ | TITS AHOY 7. | PA0001632061 | 2008 |
| ☐ [ 182 ] | ▮▮ ▮▮ ▮ | DIRTY OVER 30. | PA0001628484 | 2008 |
| ☐ [ 183 ] | ▮▮ ▮▮ ▮ | GIMME THE FINGER. | PA0001628483 | 2008 |
| ☐ [ 184 ] | ▮▮ ▮▮ ▮ | ALL ALONE 3. | PA0001625752 | 2008 |
| ☐ [ 185 ] | ▮▮ ▮▮ ▮ | HAND TO MOUTH 6. | PA0001625755 | 2008 |
| ☐ [ 186 ] | ▮▮ ▮▮ ▮ | NYLONS 3. | PA0001625757 | 2008 |
| ☐ [ 187 ] | ▮▮ ▮▮ ▮ | SPUNK'D 8. | PA0001625762 | 2008 |
| ☐ [ 188 ] | ▮▮ ▮▮ ▮ | Pure Sextacy 3. | PA0001625774 | 2008 |
| ☐ [ 189 ] | ▮▮ ▮▮ ▮ | PRETTY PUSSIES PLEASE : 4. | PA0001615689 | 2008 |
| ☐ [ 190 ] | ▮▮ ▮▮ ▮ | ABOUT FACE : 6. | PA0001615694 | 2008 |
| ☐ [ 191 ] | ▮▮ ▮▮ ▮ | HEAD CASE : 3. | PA0001615699 | 2008 |
| ☐ [ 192 ] | ▮▮ ▮▮ ▮ | FINGER LICKING GOOD : 5. | PA0001615686 | 2008 |
| ☐ [ 193 ] | ▮▮ ▮▮ ▮ | Young Panty-ho's 2. | PA0001764306 | 2011 |
| ☐ [ 194 ] | ▮▮ ▮▮ ▮ | Official Bad Teacher Parody. | PA0001764307 | 2011 |
| ☐ [ 195 ] | ▮▮ ▮▮ ▮ | Milf Does a Body Good 2. | PA0001764305 | 2011 |
| ☐ [ 196 ] | ▮▮ ▮▮ ▮ | Nooners. | PA0001764568 | 2011 |
| ☐ [ 197 ] | ▮▮ ▮▮ ▮ | My Roomates a Lesbian 2. | PA0001764644 | 2011 |
| ☐ [ 198 ] | ▮▮ ▮▮ ▮ | Charm School. | PA0001764758 | 2011 |
| ☐ [ 199 ] | ▮▮ ▮▮ ▮ | POV Addicts 2. | PA0001745843 | 2011 |
| ☐ [ 200 ] | ▮▮ ▮▮ ▮ | Official Taxi Cab Confessions. | PA0001745842 | 2011 |

Resort results by: Relevance ▼                              [ Set Search Limits ]

[ Clear Selected ] [ Retain Selected ]

◀ previous  1 ... 126 151 176 201 226 251 276 301 .. 9976  next ▶

Save, Print and Email (Help Page)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Third Degree Films, Inc.               )
20525 Nordhoff Street, Suite 25        )
Chatsworth, CA 91311,                  )
                                       )
         Plaintiff,                    )
                                       )
v.                                     )        CA No. 1:11-cv-01833-BAH
                                       )        Judge Beryl Howell
DOES 1 – 152,                          )
                                       )
         Defendants.                   )
                                       )

# Exhibit 3

# Stephen Hendricks Declaration

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THIRD DEGREE FILMS, INC.<br>20525 Nordhoff Street, Suite 25<br>Chatsworth CA 91311,<br><br>      Plaintiff,<br><br>v.<br><br>DOES 1-152,<br><br>      Defendants. | CA 1:11-CV-01833-BAH |

## DECLARATION OF STEPHEN HENDRICKS

My name is Stephen Walker Hendricks.  I am an Advanced Systems Representative Tier 1 and Tier 2 (Tier 2 is obsolete but still my title) at Comcast Cablevision based in Whitemarsh, Maryland.  I have been a micro computer builder, designer and support technician since 1980 having been employed also at Heath Zenith Computers in Towson, MD from 1986 to 1989 as a sales agent who also custom built, and maintained systems for government, business, and individual clients. In my job capacities it was my responsibility to assist clients in all manners of computer operations, including helping using to protect their computers from threats which included viruses, malicious software, hardware vulnerability as well as human threats.

I have been provided the Complaint and its exhibits in the case of *Third Degree Films, Inc. v. Does 1-152*, Case No: 1:11-cv-01833-BAH.

The  Declaration of Jon Nicolini, Exhibit B to the Complaint, contains misleading and erroneous statements that must be corrected.

      1.  It is <u>impossible</u> for Comcast to determine what devices attained the IP addresses

1

attributed in Exhibit A to John Does 116 and 117. IP addresses are dynamically assigned using the Dynamic Host Configuration Program (DHCP) protocol. The use of dynamically assigned IP addresses means that any device that is connected to a Comcast Cable modem can have different IP addresses based on several different events. An IP address can be used by several different devices simultaneously on the local network (referred to as a subnet) with the use of malicious programming techniques which can obscure the origin of an actual computer's connection. A subnet may have a few IP addresses in use, or hundreds of IP addresses. An ISP connects to the Internet through a direct connection.

2. The main computers which establish this connection are in an office called the Head End. The computers which connect the end user's computer (or other device) to the Internet are referred to as the Head End Computers. The Head End Computers communicate with devices that are attached to its fiber optic and coaxial cable systems using a standard referred to as Data Over Cable Service Interface Specification (DOCSIS). DOCSIS devices include modems and cable television set top boxes, televisions, and other devices. These devices also connect to the Head End using Ethernet data protocol and appear to the local network as computer devices. Television, cable boxes, disc players, and other devices now commonly used in a home can all communicate using IP protocol.

3. The only criterion that a computer Ethernet device needs to establish a connection to a DOCSIS cable modem is that it must use a connection protocol (in ISPs like Comcast the protocol is DHCP) and that it must provide to the modem a hardware

2

address called a MAC address. A modem can provide a connection to the Internet which will give the device connected to the Internet an IP address. The ISP however, <u>cannot determine</u> any of the following:

    a.  Whether the device using the Internet connection is a computer, mobile device, tablet, router, etc.

    b.  The precise location of the device, since the modem can be anywhere on a subnet

    c.  How many devices may be using a particular IP address to access the Internet

    d.  If the MAC address is a true MAC address representing the Ethernet device or one that is spoofed (copied and reused) by some other device (such as an Ethernet connection on a Linux computer system, or a router).

4. A specified IP address cannot be assumed to belong to any particular device since the hardware address of a device can be spoofed.

5. It is not possible to say what devices were connected to Ms. Zwarycz's Comcast Internet connection, by whom they were being used, and where the devices were physically located at the time they being used (i.e., inside the house of Bailey Zwarycz, in a neighboring house, or in a vehicle parked outside the Zwarycz residence or in a nearby structure which has access by cable to the same subnet).

6. In fact, it is impossible for <u>anyone</u> to determine what device negotiated the IP addresses attributed in Exhibit A to John Does 116 and 117.

7. Knowing an IP address that was being provided to a cable modem connection

does not identify the device that is connected through that modem.  Even if the copyrighted material in question was being delivered over the Internet through that IP address there is no way to know or prove where it originated or that the owner of the Internet connection with that IP address, if she owns a computer, ever hosted or was the source of said material.  The material may have come from:

    a.  Any device connected to the local subnet accessing the Internet through Ms. Zwarcyz's Internet connection.

    b.  An external wireless connection.

    c.  An external relay through a remote control virus.

    d.  A smart phone, tablet, laptop, or even surreptitious access of the subscriber's computer gained by a computer hacker without Ms. Zwarycz's knowledge.

8.  For the reasons stated above, it is false and baseless for the Nicolini Declaration to say that by knowing the IP addresses of John Doe 116 and 117 they could determine whether a computer had been used and if so, which computer.  (See Jon Nicolini Declaration, Complaint Exh. B, Paragraphs 18-21.)

9.  Even if an unknown person downloaded Plaintiff's film using the IP address Comcast associates with Ms. Zwarycz, that person could have been using a computer outside of the house of Ms. Zwarycz without her awareness, knowledge, or consent.

4

10. The primary upshot of the foregoing information for this case is that there is no way that Plaintiff could make a good faith allegation in its complaint that John Does 116 and 117 -- namely, Bailey Zwarycz,-- willfully and intentionally downloaded, copied, and distributed Plaintiff's film. (See Jon Nicolini Declaration, Exhibit B to Complaint, Paragraphs 18-21.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 29, 2012.

Stephen Walker Hendricks

5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Third Degree Films, Inc.<br>20525 Nordhoff Street, Suite 25<br>Chatsworth, CA 91311,<br><br>      Plaintiff,<br><br>v.<br><br>DOES 1 – 152,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CA No. 1:11-cv-01833-BAH
Judge Beryl Howell

# Exhibit 4

# Sensei Enterprises, Inc. Declaration

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Third Degree Films, Inc.,** ) | |
| ) | **DECLARATION OF** |
| ) | **SENSEI ENTERPRISES, INC.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No: 1:11-CV-01833-BAH** |
| ) | **Judge Beryl Howell** |
| **Does 1 - 152,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

I, John W. Simek, declare as follows:

1. I am the Vice President of Sensei Enterprises, Inc. and have been so employed as such since January of 1997.

2. Sensei Enterprises is an information technology, information security and computer forensic company located at 3975 University Drive, Suite 225, Fairfax, VA 22030.

3. Sensei Enterprises has been retained to review documents and devices in connection with the matter of *Third Degree Films, Inc. v. Does 1-152*, specifically the following:

   a. The Complaint and its Verification by Mike Meier, an attorney located at 4000 Legato Road, Suite 1100, Fairfax VA 22033- executed under the provisions of 28 USC Section 1746.

   b. A Declaration filed in this action and prepared and executed by Jon Nicolini, Vice-President of Technology for Copyright Enforcement Group, LLC, of Beverly Hills California, executed under the penalty of perjury and stated to be of his personal knowledge.

1

    c.  The Declaration of Bailey Zwarycz.

    d.  The laptop computer owned by the person identified in the Complaint as John Doe 116 and 117.

4.  I disagree with numerous factual recitations and the conclusions drawn from those recitations by Messrs, Meier and Nicolini as set forth in the Complaint and the Declaration of Mr. Nicolini. The disagreements and the basis for the disagreements are as follows:

    a.  The Complaint asserts, and Messrs, Meier and Nicolini endorse the assertions as factually accurate and truthful, that once the Plaintiff is provided the subscriber identity from the Internet Service Provider (ISP) as determined from the Internet Protocol (IP) address, that they will have learned the actually identity of the person or persons alleged to have willfully and intentionally downloaded the copyright protected film, otherwise known as "All About Kagney Linn Carter," an admitted pornography film. The IP addresses are identified in Exhibit A of the Complaint. Messrs, Meier and Nicolini misrepresent the conclusions as fact when only the IP address is known. The public IP addresses as identified in Exhibit A only represent the last identifiable hardware device that is connected to the Internet, through which the Plaintiff's copyrighted material may have passed on its way to a destination or destinations unknown.

    b.  The two IP addresses listed for John Doe 116 and John Doe 117 are associated with the same single physical device associated to a single subscriber. John Doe 116 and John Doe 117 are the same person, for which two unique dynamic IP addresses were assigned by the John Doe's Internet Service Provider.

c. John Doe 116 and John Doe 117 shall hereinafter be referred to in the singular as "this John Doe."

d. The device assigned the two IP addresses is passed through a cable modem, which is used to connect subscriber equipment to the ISP's network. The cable modem converts the signal of the ISP network to a format that is compatible with other network attached devices of the subscriber. This may include such items as a single computer, network switch or router. The cable modem itself does not record or store the transmitted information, but is merely a pass-through device changing one signal type to another for use by digital devices at each end. In no sense are they capable of downloading and storing the Plaintiff's protected material or applying any software to that signal to act as a "seed" or a "swarm" as described by the Complaint and the declarations of Meier and Nicolini.

e. It is well known that the majority of users accessing the Internet via a broadband (e.g. cable modem, DSL, etc.) connection do so by using a router, which is a device that attaches to the cable modem or similar equipment and allows multiple users to access the Internet simultaneously through a single connection. Routers, like cable modems, are not in and of themselves capable of downloading, storing, recording, or manipulating data such as the Plaintiff's protected material. The presence of a router connected to the cable modem obtains the IP address assigned by the ISP and appears as if it is a single computer to the ISP.

f. This John Doe's Internet service provider was Comcast and the cable modem used to connect this John Doe's computer to the Internet was also provided by Comcast, which maintained a record of the modem's Media Access Control

3

(MAC) address associated with it. The MAC address can be thought of as a hardware serial number for the device.

g. This John Doe had acquired a wireless router independently of Comcast and the presence or absence of a router attached to her cable modem was not known or knowable to Comcast. Comcast only knows that *some* device is attached and presents itself as having a specific IP address.

h. Routers may be "password protected" so that they theoretically can only be accessed by users who have knowledge of the correct password. In addition, the wireless "cloud" can also be password protected to prevent unauthorized access.

i. Router owners, such as this John Doe, may grant as many people as they choose to access the Internet through their router [up to certain finite limits not relevant here].

j. This John Doe can elect to use a wireless router which is not protected by a password, thus enabling anyone within the wireless signal range of the router to access the Internet through this device.

k. Even if the wireless "cloud" was password protected there are several commercially available (and free) programs able to determine the wireless password and circumvent it.

l. So long as the last identifiable device in the chain of distribution is a cable modem (known via MAC address), to which a wireless router may be attached, the ultimate user who accessed the Internet and downloaded some or all of the Plaintiff's protected material and used peer–to–peer network software to acquire,

assemble and redistribute its protected material may be unknown and indeterminable.

m.   Absent special software or hardware acquired for that purpose, knowing how many users may be accessing the Internet simultaneously through the same wireless router is not apparent to any person or persons utilizing the wireless router.

n.   I have been advised that this John Doe is a student at Virginia Polytechnic University (Virginia Tech) who attached an un-password-protected wireless router, which she obtained commercially, to her Comcast provided cable modem. At the time she did so she was unaware that the wireless "cloud" was not protected by a password and even unaware that the wireless "cloud" could be secured via a password.

o.   I have been advised that this John Doe accessed the Internet through the use of a laptop computer which connected wirelessly to her router. She has a vague memory of occasions when others who visited her in her quarters may have accessed the Internet wirelessly through her router. She was completely unaware that others outside her dwelling place might have access to the Internet through her router with or without her permission or knowledge.

p.   On the 2nd day of December, 2011, at the request of counsel, Sensei took delivery of her laptop computer, forensically acquired her entire hard drive and thereafter returned the laptop to her. We then conducted an examination of the contents of that hard drive, using professionally accepted techniques and tools, looking for any indication that at any time the laptop had downloaded, stored or manipulated

5

any portion or all of the Plaintiff's protected material, or had on its hard drive any software capable of participating in a peer-to-peer network, specifically for any part or all of a programs capable of participating in a BitTorrent network.

q.  The techniques and tools used would have uncovered any indicia of the downloading, storing or manipulation of the Plaintiff's protected material currently on the computer system, and even if that material had once been present but was subsequently deleted or uninstalled, remnant data or artifacts of such data would most likely still be present.

r.  The same professionally accepted techniques and tools were used to search for any indicia of the past or present use of peer-to-peer software or the BitTorrent network. No evidence was discovered of such usage or presence of software to facilitate usage.

s.  It is my professional judgment that at no time in the past or in the present has the hard drive of this John Doe's computer contained any part of the Plaintiff's movie "All About Kagney Linn Karter" or any part of peer-to-peer software or BitTorrent network access. I hold this opinion with a high degree of confidence, that is, to a reasonable degree of scientific certainty.

5.  In the Meier verified Complaint and the Declaration of Jon Nicolini they further contend that they were able to determine that all of the John Does, including John Does 116 and 117 were within the jurisdiction of this court, contending they used "geo-location technology…" to attempt to "ensure that the IP Addresses are likely within the geographic location of the Court."

      a.   Mr. Meier specifically asserts that he "personally spot checked the purported location of the alleged infringers…" using "the IP locator at http://www.ipligence.com."

      b.   According to the Declaration of this John Doe, the location of the wireless router connect to the Comcast cable modem represented by those two listed IP addresses for John Doe 116 and 117 is and always has been in Blacksburg, Virginia.

      c.   When I used the website (http://www.ipligence.com) specified by Mr. Meier to determine the probable location of the IP addresses stated for John Does 116 and 117, it returned Richmond, Virginia and an unknown city in Missouri. Obviously, both locations are inaccurate as the subscriber is located in Blacksburg, Virginia.

      d.   I used several other geolocation websites and the location for the IP addresses for John Doe 116 and 117 always returned a location of Blacksburg, Virginia.

6. Plaintiff acknowledges that it does not know the identity of this John Doe. Armed only with the IP address of this John Doe's device attached to the cable modem, it was impossible for Plaintiff to be able to ascertain the actual identity of this John Doe or that this John Doe "willfully and intentionally downloaded, copied, and distributed" the film in question or any other film.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 29, 2012.

John W. Simek

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Third Degree Films, Inc.<br>20525 Nordhoff Street, Suite 25<br>Chatsworth, CA 91311,<br><br>      Plaintiff,<br><br>v.<br><br>DOES 1 – 152,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CA No. 1:11-cv-01833-BAH
Judge Beryl Howell

# Exhibit 5

# Settlement Offer Letter

# THE COPYRIGHT LAW GROUP, P.L.L.C.

*Copyright and Trademark Law – www.copyrightdefenselawyer.com*

By U.S. Mail

January 12, 2012

To:   BAILEY ZWARYCZ
3332 YELLOW SULPHUR
BLACKSBURG, VA 24060

Re:   **Allegation of Copyright Infringement under U.S. Copyright Act (17 U.S.C. § 101 et seq.), and offer to resolve the matter through settlement**

**Discovery Obtained in Case Name:** Third Degree Films, Inc. v. DOES 1-152
**Case No.:** 11-CV-01833-BAH. United States District Court for the District of Columbia
**Title of Infringed Motion Picture:** All About Kagney Linn Karter
**File Name:** All.About.Kagney.Linn.Karter.XXX.DVDRip.XviD-Jiggly
**Hash:** e74eb3a89c76093481d2e6500c9f49d274941ea3

| | |
|---|---|
| **File Size:** 1,463,447,990 bytes | **ISP:** Comcast Cable |
| **Doe No.:** 116 | **Case Management ID:** 5809041 |
| **Timestamp:** 07/05/2011 6:25:04 PM EDT | **Protocol:** BitTorrent |
| **IP Address:** 71.62.122.173 | **Port:** 51413 |

Dear BAILEY ZWARYCZ:

**IF YOU HAVE ALREADY REFERRED THIS MATTER TO AN ATTORNEY, PLEASE FORWARD THIS LETTER TO THAT ATTORNEY. YOU SHOULD CONSIDER DISCUSSING THIS MATTER WITH YOUR OWN ATTORNEY.**

We represent the owner of the copyright in the motion picture that is identified above. It appears that motion picture was downloaded from the Internet without legal authorization. Discovery was authorized by the United States federal district court in the above-identified case relating to the identities of the subscribers whose Internet accounts were allegedly used to download from and/or make available on the Internet unauthorized copies of the above-named motion picture in violation of the U.S. Copyright Act (17 U.S.C. §§ 101 et seq.). You were identified as one of those subscribers. The Complaint in this case can be viewed online at http://www.copyright-complaints.com/11-CV-01833-BAH.pdf

The U.S. Copyright Act provides for: *"(1) .. an award of statutory damages for all infringements involved in the action ... in a sum of not less than $750 or more than $30,000 as the court considers just. ... (2) In a case where ... that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. ..."* 17 U.S.C. § 504(c). The law also authorizes costs, attorney fees, and a permanent injunction.

On behalf of Plaintiff, we will formally name you as a defendant (i.e.. as an alleged infringer of Plaintiff's copyright in the above-named motion picture) in the above-identified case or in a subsequent case. However, in the interest of resolving this matter without further court litigation, we are hereby proposing a settlement to you:

# THE COPYRIGHT LAW GROUP, P.L.L.C.

*Copyright and Trademark Law – www.copyrightdefenselawyer.com*

**To settle this matter now, our client will accept a settlement on the following terms:**

| | |
|---|---|
| **Settlement Offer:** | **$2,500.00** |
| **Expiration of this Offer:** | **February 1, 2012 at 4:00pm EST (Close of Business)** |
| **Settlement Method:** | **Payment with Check, Cashier's Check/Money Order. We recommend Cashier's Check or Money Order to resolve the matter expeditiously.** |

Otherwise, we are instructed to enforce Plaintiff's copyright with the understanding that you do not intend to resolve this matter without a lawsuit.

Settlement payment in the form of a check or money order should be made payable to "The Copyright Law Group, PLLC," with **Case Management ID: 5809041** written on the remittance/advice line of the check or money order. The payment, along with your signature on the Liability Release Agreement (see attached document) should be sent to this address

> **The Copyright Law Group, PLLC**
> **4000 Legato Road, Suite 1100**
> **Fairfax, VA 22033**

Note: You may use Express Mail or Priority Mail (use a tracking option such as "delivery confirmation") so that you have a tracking number.

In the meantime, please do NOT delete any files relating to the above-identified motion picture from any of your computers unless and until Plaintiff's claim against you is resolved by settlement or otherwise. If you do, in addition to damages, we will seek sanctions against you for spoliation (i.e., destruction or alteration) of evidence.

With respect to the Liability Release Agreement, read it carefully. We have accommodated the reasonable interests of accused infringers such as yourself. Once the Liability Release Agreement signed by you has been received by us and the money represented by your check or money order has actually been received in our attorney-client trust account, we will return to you the attached Liability Release Agreement counter-signed by me on behalf of Plaintiff, along with a Settlement Date and Release Security Code. Shortly thereafter, to the extent that a case is active with the specific IP Address and Timestamp shown above, a dismissal of you, identified by that IP address and timestamp, from the case will be filed with the Court and sent to you as well.

**Again, you should consider consulting a lawyer in connection with this matter.**

We look forward to resolving this case with you according to the terms set forth in the Liability Release Agreement.

Sincerely,

Mike Meier

Case Management ID: 5809041

## LIABILITY RELEASE AGREEMENT
### Third Degree Films, Inc. v. DOES 1-152, 11-CV-01833-BAH
### United States District Court for the District of Columbia

#### This Liability Release Agreement is effective ONLY after:
The Settlement Date and Release Security Code have been inserted below by
RELEASOR's attorney and RELEASOR's attorney has signed the Liability Release.

| | |
|---|---|
| **Settlement Date:** | **Case Management ID:** |
| [To be inserted by RELEASOR's attorney] | 5809041 |
| | |
| **Title of Work:** | **Infringement IP Address:** |
| All About Kagney Linn Karter | 71.62.122.173 |
| | |
| **RELEASOR:** | **Source & Timestamp [U.S. Eastern Time]:** |
| Third Degree Films, Inc. | BitTorrent - 07/05/2011 06:25:04 PM EDT |
| 20525 Nordhoff St, Suite #25 | |
| Chatsworth, CA 91311 | **RELEASEE DOE NO.: Doe 116** |
| | |
| **Settlement Amount:** | **RELEASEE:** |
| $2,500.00 | **BAILEY ZWARYCZ** |
| | 3332 YELLOW SULPHUR |
| | BLACKSBURG, VA 24060 |

**Release Security Code:**
[To be inserted by RELEASOR's attorney]
Notes:
(1) The Release Security Code will be inserted after your payment and signature below are received.
(2) At that time, the Liability Release Agreement will be counter-signed by Plaintiff's attorney and sent to you.
(3) Anyone presenting a fake Release Security Code will be prosecuted under the law

1.       The signature of RELEASOR's attorney following this Paragraph 1 signifies the agreement of RELEASOR to all of the following terms and conditions. The signature will be on the copy of this first page returned to RELEASEE after RELEASEE's payment and signed Liability Release Agreement have been fully received by RELEASOR's attorney.

**Date:** _____     _____**[To be signed by RELEASOR's attorney]**_____

Month. Day. Year          Mike Meier, THE COPYRIGHT LAW GROUP, PLLC, 4000 Legato Road. Suite 1100.
                          Fairfax. VA 22033
                          for RELEASOR/Plaintiff Third Degree Films, Inc.

2.       This Liability Release Agreement (hereinafter "Agreement") pertains to a disputed claim and does not constitute an admission of liability by any of the parties to this Agreement. Notwithstanding the foregoing. RELEASEE and RELEASOR agree as follows:

3.       The above-identified RELEASEE represents and warrants to RELEASOR that RELEASEE has made diligent efforts to identify and, if found, to remove any and all copies of the above-titled work from all of RELEASEE's computers, and to the extent any other copies may have existed in other media RELEASEE's possession, RELEASEE has destroyed all other copies of the work prior to the Settlement Date written above, except for any copies lawfully obtained from RELEASOR.

4       RELEASEE releases RELEASOR from and against all claims, causes of actions, lawsuits, damages and demands whatsoever, specifically arising from, relating to, or in connection with RELEASOR's prosecution of the above-identified case.

5       In reliance on and in exchange for the representations and warranties and release by RELEASEE, and in consideration of the settlement amount set out above received by RELEASOR from RELEASEE on the Settlement Date, RELEASOR hereby releases and discharges the RELEASEE, and RELEASEE's heirs and successors, from and against all claims, causes of actions, lawsuits, damages and demands whatsoever, specifically arising from, relating to, or in connection with RELEASEE's actions in connection with RELEASEE's alleged infringement prior to the Settlement Date of the copyright in the above-titled work on the computer associated with the IP Address and Timestamp listed above, and/or on computers within the same specific household associated with the IP Address and Timestamp listed above. In this regard, the term "RELEASEE" includes any person who had used a computer in such household to the extent, and only to the extent, that the use of such computer was in such household. This Agreement applies to no other claims, causes of action, lawsuits, damages and demands that RELEASOR may have against RELEASEE (e.g., for any infringement of the copyright in another work or for subsequent infringement of the same work) which, if existing, shall survive this Agreement. This Agreement does not apply to any infringement by any other "Doe" defendant in the above-identified case. If the above-identified case has not otherwise been dismissed with respect to RELEASEE, dismissal with prejudice will be filed in the above-identified case identifying the RELEASEE by the "Doe" number and IP Address and Timestamp listed above.

6       Confidentiality. Except to the extent necessary to enforce the terms of this Agreement, the parties shall maintain the terms of this Agreement confidential, including the real name and address of the RELEASEE. It is understood and agreed that the fact that settlement has been reached with the party identified by the "Doe" number and/or IP Address and Timestamp listed above is not confidential.

7       **RELEASEE acknowledges that he or she has had the opportunity to seek the advice of independent counsel of his or her own choice regarding this Agreement.**

8.      This Agreement constitutes the complete statement of the terms and conditions of the agreement between the parties, and supersedes and merges all prior proposals, understandings and all other agreements, oral and written, between the parties relating to the subject of this Liability Release. Any and all other written or oral agreements existing between the parties hereto regarding such transaction are expressly cancelled. This Agreement cannot be modified or otherwise changed except by an instrument in writing duly signed by the parties hereto. This Agreement shall be interpreted in accordance with the law of the State of California. In the event of a dispute arising out of or related to this Agreement, the prevailing party shall be awarded his or her reasonable attorney's fees by a court of competent jurisdiction.

This Release is signed by RELEASEE.

Date: _____        _____

Month, Day, Year              BAILEY ZWARYCZ, 3332 YELLOW SULPHUR, BLACKSBURG, VA 24060
                              RELEASEE/Defendant Doe 116

**RELEASEE's preferred email address:** _____

**RELEASEE's Settlement Checklist:**

☐ Date above and sign above

☐ Provide preferred email address above (finalized Liability Release Agreement will be emailed to this address)

☐ Make check or money order in the amount of $2,500.00 payable to "The Copyright Law Group, PLLC"

☐ Mail payment and BOTH pages of the Liability Release Agreement to:

The Copyright Law Group, PLLC, 4000 Legato Road, Suite 1100, Fairfax, VA 22033 (You may use Express Mail or Priority Mail so that you have a tracking number. Both will be received at 4000 Legato Road, Suite 1100, Fairfax, VA 22033.)