IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Third Degree Films, Inc. ) <br> 20525 Nordhoff Street, Suite 25 ) <br> Chatsworth, CA 91311, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOES 1 – 152, ) <br> ) <br>     Defendants. ) | CA No. 1:11-cv-01833-BAH <br> Judge Beryl Howell |

**DEFENDANT BAILEY ZWARYCZ'S MEMORANDUM IN SUPPORT
OF MOTION TO EXTEND THE TIME FOR FILING HER OPPOSITION
AND TO PERMIT DISCOVERY TO PROCEED ON AN EXPEDITED BASIS**

Comes now Defendant Bailey Zwarycz and moves the Court to extend the time within which she must file her opposition to Plaintiff's Motion to Dismiss her Counterclaims against the Plaintiff. Currently her Opposition is due 11 days after February 10, 2012. To avoid confusion, the parties will be referred to as Plaintiff and Defendant Bailey Zwarycz, rather than as Counterclaim Defendant and Counterclaim Plaintiff.

**Overview**

It is the position of Defendant Bailey Zwarycz that the Complaint filed by Plaintiff does not contain even a single fact evidencing that Defendant Bailey Zwarycz downloaded, copied, or distributed Plaintiff's film. Rather, the Complaint shows on its face that it was impossible for Plaintiff to allege that Defendant Bailey Zwarycz did so because (1) Plaintiff admits in paragraph 4, page 2, of its Complaint that it did not know the identities of John Does 1-152 (Defendant Bailey Zwarycz was John Does 116 and

1

117) and (2) Plaintiff nonetheless alleged that she downloaded, copied, and distributed the film *willfully and intentionally* – an allegation that is impossible to make unless Plaintiff knew who she was.

### **Discovery Needed by Defendant Bailey Zwarycz**

Once she pleads the necessary elements of the two causes of action – abuse of the legal process and defamation -- Defendant Bailey Zwarycz should be entitled to obtain discovery in the normal course of this litigation before the Court considers a motion to dismiss based on lack of evidence of perversion of the legal process. In other words, the Motion to Dismiss is premature – and should be deferred until the appropriate stage of the litigation is reached and Defendant Bailey Zwarycz has a fair opportunity for discovery.

Discovery depositions are needed to establish evidence of conversations and decisions by Plaintiff and its agents to initiate this litigation solely as a vehicle for pressuring innocent people to pay hush money – shake down – extortion. If Defendant Bailey Zwarycz proves such conversations or decisions or uncovers other evidence to support her position, the case of abuse of legal process will be proved.

Mike Meier, who served both as Plaintiff's counsel and as verifying witness under penalty of perjury, verified that the allegations in the Complaint were true. Defendant Bailey Zwarycz needs discovery to determine whether there is any basis for his verification, as that verification is under consideration by the Court in viewing the Answer and Counterclaim of Defendant Bailey Zwarycz and the Motion to Dismiss of Plaintiff. One of the principal reasons for Defendant Bailey Zwarycz's need for discovery is to investigate the fact that Mile Meier verified the allegations of the

Declaration yet was quoted within the past year as having said publicly that this type of suit was impossible to prove. Defendant Bailey Zwarycz has already included in her Counterclaim a citation to an article on the Internet attributed to Meier, that appears to contradict Meier's verification on its face and would be a very important factor for this court to consider. The article appears at the following link: http://www.redorbit.com/news/technology/2087693/the_copyright_law_group_to_represent_thos_accusedof_copyright/ There is no way to determine if Meier made such statements in a way that would be admissible in this Court in support of Defendant Bailey Zwarycz's Opposition to the Motion to Dismiss except through discovery.

If, as Defendant Bailey Zwarycz believes, Mike Meier had no factual basis for his verification but was making a false verification, that should be heavily weighed by the Court in reaching a decision.

In her Counterclaim, Defendant Bailey Zwarycz alleges that the Plaintiff and other hard core porn purveyors conjoin a legal process to an improper purpose and use the courts for an unintended and improper purpose -- namely, to extort or blackmail money from people innocent of any misconduct. (Paragraph 32 of Counterclaim) Her pleading of the abuse of legal process claim contains allegations of all of the elements required under D.C. law and thus she should be allowed discovery to obtain factual evidence to support her Counterclaim

Plaintiff filed its complaint "in order to accomplish an end which is without the regular purview of the process," *Dormu v. Dist. of Columbia*, Civil Action 08-00309; *Bown v. Hamilton*, 601 A.2d 1074, 1079 (D.C. 1992), namely, to perpetrate extortion or

blackmail.[1] Defendant Bailey Zwarycz has alleged that two different parts of the legal process have been perverted for an improper and abusive purpose outside the judicial process not contemplated in the regular prosecution of a copyright claim – namely, perpetrating extortion and blackmail on innocent citizens with no basis in fact or law for doing so through (1) filing a complaint with no factual support against Bailey Zwarycz and no good faith basis for alleging that Bailey Zwarycz willfully and intentionally downloaded, copied, and distributed Plaintiff's hard core film and (2) gratuitously submitting defamatory allegations that Bailey Zwarycz downloaded hard core pornography in the subpoena it served on Comcast. Either of these properly pleaded claims of abuse of the legal process provides a proper basis for a finding by a jury of abuse of the legal process.[2] Discovery should be permitted before the Court reaches a decision.

It must be remembered that at this point the issue is not whether Defendant Bailey Zwarycz is entitled to *judgment on the pleadings* but whether she has alleged all of the elements of a cause of action that she is entitled to have heard and decided by a jury – after normal discovery and production of witnesses and evidence in support of Defendant Bailey Zwarycz's allegations. If after normal discovery and production of witnesses Defendant Bailey Zwarycz has not met the threshold for abuse of the legal process, a motion for summary judgment will resolve the issue.

---

[2] Defendant Bailey Zwarycz understands that ulterior motive by itself is not a basis for a finding of abuse of the legal process. But perversions of the legal process seeking ends outside of the judicial process may also disclose ulterior motives in addition to the other emblements of abuse of the legal process.

[2] Defendant Bailey Zwarycz understands that ulterior motive by itself is not a basis for a finding of abuse of the legal process. But perversions of the legal process seeking ends outside of the judicial process may also disclose ulterior motives in addition to the other emblements of abuse of the legal process.

The Court should allow Defendant Bailey Zwarycz the normal opportunity for discovery and pretrial proceedings before considering a motion to dismiss. An extension of 60 days should enable Defendant Bailey Zwarycz to engage in normal discovery if there are expedited responses from both parties.[3] Shortening response times to discovery requests to 15 days would be fair to both parties.

Accordingly, Defendant Bailey Zwarycz moves the Court to extend the time within which she must file her Opposition to Plaintiff's Motion to Dismiss the Counterclaim for 60 days and establish an expedited response time to discovery requests of 15 days.

>                          Bailey Zwarycz
>                          Aka John Doe 116 and John Doe 117
>                          By Counsel

/s/ John C. Lowe
John C. Lowe
John Lowe, P.C.
DC Bar No. 427019
5920 Searl Terrace
Bethesda MD 20816
301-320-3300
301-320-8878 Fax
202-251-0437 Cell
johnlowe@johnlowepc.com


Robert T. Hall
D.C. Bar No. 5447
Hall and Sethi, P.L.C.
12120 Sunset Hills Road
Suite 150
Reston VA 20190
703-925-9500 W
703-435-1790 W
rthall@hallandsethi.com

---

[3] It should not be forgotten that Plaintiff requested and was granted by the Court early discovery in this case. It is hard to see how it can object to the Court being even-handed and granting a discovery accommodation to Defendant Bailey Zwarycz, too.

5

Counsel for Defendant Bailey Zwarycz (Aka John Does 116 and 117)