**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THIRD DEGREE FILMS, INC. <br> 20525 Nordhoff Street, Suite 25 <br> Chatsworth, CA 91311 <br><br> Plaintiff, <br><br> v. <br><br> DOES 1 – 152 <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br> No. 1:11-cv-01833-BAH <br> OPPOSITION TO DEFENDANT'S <br> MOTION TO EXTEND TIME, <br> MEMORANDUM |

**MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION
TO DEFENDANT BAILEY ZWARYCZ'S MOTION TO EXTEND THE TIME FOR
FILING HER OPPOSITION AND TO PERMIT NECESSARY DISCOVERY TO
PROCEED ON AN EXPEDITED BASIS
[Document 24]**

## TABLE OF CONTENT

TABLE OF CONTENT ........................................................................................................... 2
TABLE OF AUTHORITIES .................................................................................................. 3
INTRODUCTION .................................................................................................................. 4
STANDARD OF REVIEW .................................................................................................... 7
ARGUMENT .......................................................................................................................... 8
    I.   Zwarycz is Fundamentally Mistaken About the Purpose of a 12(b)(6) Motion ................... 8
    II.   Zwarycz's Should Not Be Granted Expedited Discovery or Extension of Time for Filing Her Opposition to Plaintiff's Rule 12(b)(6) Motion on Abuse of Process ....................... 9
    III.   Zwarycz Should No Be Granted Expedited Discovery or Extension of Time for Filing Opposition to 12(b)(6) Motion on Defamation ........................................................... 12
    IV.   Motion for Attorneys' Fees under 28 U.S.C. Section 1927 and Court's Inherent Power 13
CONCLUSION ..................................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ............................................................................................... 7, 8, 9
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................................... 7, 9
*Dormu v. Dist. of Columbia*,
  Civil Action 08-00309 (HHK) (Memorandum Opinion of June 7, 2011) (D.D.C., 2011) ... 9, 10
*Finkelstein v. Hemispherx Biopharma*,
  774 A.2d 332 (DC, 2001). ............................................................................................. 13
*Ginsberg v. Granados*,
  963 A.2d 1134 (DC, 2009) ............................................................................................. 13
*United States v. Perez*,
  484 F.3d 735 (5th Cir. 2007) .......................................................................................... 11

**Statutes**

28 U.S.C. Section 1927 .................................................................................................... 13

**Rules**

*Fed. R. Civ. P.* Rule 6(b) .................................................................................................... 7
*Fed. R. Civ. P.* Rue 12(a)(4) ............................................................................................... 9
*Fed. R. Civ. P.* Rule 26(f)(4) ............................................................................................... 7

## INTRODUCTION

Plaintiff Third Degree Films, Inc. filed a Complaint against John Does who have traded the same identical file of Plaintiff's copyrighted work without authorization through a file-swapping network ("Peer-to-Peer" or "P2P" network).

On or about January 30, 2012, Bailey Zwarycz ("Zwarycz"), by and through counsel, filed an Answer and Counterclaims. Although Zwarycz had not formally been named as a Defendant, Zwarycz and her two counsel took the unusual step of naming her a defendant in this action. It is even more unusual that Zwaryz's pleadings disclose personal facts about her, such as where she is currently studying.

On February 10, 2012, Plaintiff filed a Rule 12(b)(6) Motion to Dismiss Defendant Bailey Zwarycz's Counterclaims because they have no basis in law. As for "Abuse of Legal Process," Plaintiff did not use the legal system to accomplish some end that is "outside the legal process." As to Defamation, it was Zwarycz herself who voluntarily publicized her name by filing an Answer and Counterclaims. Furthermore, the allegedly defamatory statement, if it were defamatory, is entitled to absolute privilege under the "judicial proceedings" privilege. Zwarycz's Counterclaims are frivolous.

Plaintiff also requested sanctions based on 28 U.S.C. Section 1927, the Court's inherent powers, and *Ginsberg v. Granados*, where the District of Columbia Court of Appeals found an identical claim defamation claim vexatious and in bad faith.

There is a further showing of bad faith in this case. Defendant's ISP is Comcast. With her Counterclaims, Defendant presented an affidavit from a purported "Comcast engineer" to support her claims. As it turns out, that "engineer" is in fact a "Virtual Customer Account Representative." In particular, Counsel for Comcast states: "*One of the attachments to the*

4

*Counterclaim is the Declaration of Stephen Hendricks who, among other things, is employed by Comcast as a Virtual Customer Account representative. ... I am writing to confirm that Mr. Hendricks is indeed not authorized to speak on behalf of Comcast in this matter, or any other matter, and was never authorized to communicate with Ms. Zwarycz or provide her any information in his Declaration. He is not employed in a position within Comcast that has any relationship to IP address assignment methodology or technology." See attached statement from counsel for Comcast." Exhibit 1, Statement from John Seiver, Counsel for Comcast.*

On February 13, 2012, Defendant Bailey Zwarycz filed a "Motion to Extend the Time for Filing Her Opposition [to Plaintiff's Rule 12(b)(6) Motion] and to Permit Necessary Discovery to Proceed on an Expedited Basis."  (hereinafter "Def.'s Mot. to Extend Time").  Zwarycz failed to cite any rule or law in support of her Motion. Zwarycz's alleged discovery needs are absurd on their face. Zwarycz claims, presumably for her abuse of process claim, that "[d]iscovery depositions are needed to establish evidence of conversations and decisions by Plaintiff …" What for? Plaintiff is seeking what the legal process provides, compensation for copyright infringement. Zwarycz insinuates that she will find evidence such as Plaintiff dancing around a fire at night like Rumpelstiltskin and singing *"Today I bake, tomorrow I brew, The day after that the Defendant's child comes in …"*

Further, Zwarycz "needs discovery to determine whether there is any basis for [attorney Mike Meier's] verification …" *Def.'s Mot. to Extend Time* at 2, last paragraph. It is difficult to see what relationship there is between the verification of Plaintiff's counsel that he has reviewed the facts, participated in BitTorrent training, and checked the documents presented to him, and Zwarycz's frivolous Counterclaims. If there is any question about the verification, the Court can quiz counsel about his knowledge of the underlying facts at the hearing.

Zwarycz also seems to misunderstand the nature of copyright law. It appears that Zwarycz believes simply because Plaintiff has no direct evidence at this stage of the lawsuit that she personally downloaded the movie, she has no liability. Zwarycz disregards that (a) Plaintiff has alleged that it has verified that the download process occurred through her IP connection (see Technology Declaration of Jon Nicolini); (b) Copyright Law provides for secondary liability (vicarious and contributory infringement).

Plaintiff now submits this Opposition. Defendant Bailey Zwarycz's Counterclaims are based in *law* and thus do not require any discovery at this stage. They *lack a basis in law*, and thus *factual* discovery does not make them any better.

This Court should also reject Zwarycz's attempt to circumvent the Federal Rules of Civil Procedure: Zwarycz attempts to sidestep Rule 12(b)(6) with this motion, let anybody continue with frivolous allegations, and then have Summary Judgment take the place of Rule 12(b)(6): "If after normal discovery and production of witnesses Defendant Bailey Zwarycz has not met the threshold for abuse of the legal process, a motion for summary judgment will resolve the issue." *Def.'s Mot. to Extend Time* at 4, last paragraph. Zwarycz is plain wrong. It is her burden to allege claims that have sound basis in law and plead sufficient facts to move beyond mere naked assertions to a plausible claim. Because she failed to meet this minimum threshold in her Counterclaim, she cannot now turn to discovery in vain attempt to save her from Rule 12(b)(6) dismissal.

Plaintiff also renews its motion for sanctions based on 28 U.S.C. Section 1927, the Court's inherent powers, and *Ginsberg v. Granados*, where the District of Columbia Court of Appeals found an identical claim vexatious and in bad faith.

**STANDARD OF REVIEW**

Zwarycz failed to cite any rule or law in support of her Motion. Plaintiff assumes that as for "extending time for filing her opposition," she meant Rule 6(b):

(b) Extending Time.
(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires…

As for Zwarycz's motion for "discovery on an expedited basis," Plaintiff assumes she refers to Rule 26(f)(4):

(4) *Expedited Schedule.* If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule:
(A) require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b); and
(B) require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

For the Rule 12(b)(6), a plaintiff [here: Zwarycz] must plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[] [his or her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted) (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). Of course, if a claim does not rest on sound legal conclusions, it does not state "a plausible claim for relief," regardless of the facts alleged. *Iqbal*, 129 S.Ct. at 1950.

**ARGUMENT**

Zwarycz served rotten pork roast for dinner. Now she wants 60 days to cook gravy to pour over the spoiled meat. She should not have additional time to respond to Plaintiff's Rule 12(b)(6) Motion, and her Counterclaims should be dismissed.

Zwarycz presented two Counterclaims of (1) Abuse of Legal Process, and (2) Defamation, both of which should be dismissed, as explained in Plaintiff's prior Rule 12(b)(6) Motion. As for Abuse of Process, Plaintiff did not use the legal system to accomplish some end that is "outside the legal process." As to Defamation, it was Zwarycz herself who publicized her name by voluntarily filing an Answer and Counterclaims. Furthermore, the allegedly defamatory statement is entitled to absolute privilege under the "judicial proceedings" privilege. Zwarycz's Counterclaims are frivolous.

Because Zwarycz lack a basis in law, there is no discovery that can make them plausible.

### I. <u>Zwarycz is Fundamentally Mistaken About the Purpose of a 12(b)(6) Motion</u>

In her motion, Zwarycz claims that "[o]nce she pleads the necessary elements of the two causes of action – abuse of the legal process and defamation -- Defendant Bailey Zwarycz should be entitled to obtain discovery in the normal course of this litigation before the Court considers a motion to dismiss based on lack of evidence of perversion of the legal process." *Def.'s Mot. to Extend Time* at 2. Zwarycz goes on to claim that "the Motion to Dismiss is premature – and should be deferred until the appropriate stage of the litigation is reached and Defendant Bailey Zwarycz has a fair opportunity for discovery." *See id.*

The above passage reveals Zwarycz's fundamental lack of understanding, or perhaps willful ignorance, as to the purpose of a 12(b)(6) motion. The purpose of a 12(b)(6) motion is to strike claims that lack a sound basis in law, *Iqbal*, 129 S.Ct. at 1950, or fails plead "enough facts

to state a claim to relief that is plausible on its face" and to "nudge[] [his or her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  A 12(b)(6) evaluates the complaint, or in this case, a counter-complaint, on its own merits. *See Iqbal*, 129 S.Ct. at 1950; *Twombly*, 550 U.S. at 570.

Therefore, Zwarycz's attempt to delay the 12(b)(6) adjudication by seeking discovery is in vain and completely misses the point of a 12(b)(6) motion.  If the counterclaim fails to state a claim, Plaintiff need not engage in further litigation regarding the matter, including even filing an answer. *See Fed. R. Civ. P.* 12(a)(4) (discussing effect of a 12(b) motion delaying time for filing a responsive pleading).  There is simply no ground for Zwarycz to engage in a fishing expedition if her counterclaim fails to pass muster under Rule 12(b).

Frankly, one of the reliefs requested by Zwarycz in her counterclaim calls into question the good faith of this request for extension of time and discovery.  One of reliefs requested by Zwarycz was to "[r]equire Plaintiff to <u>provide counsel for Bailey Zwarycz the identities and addresses of all 152 John Does</u> identified by the ISPs pursuant to subpoena, <u>on a counsel's eyes only expedited basis</u>." *Counterclaim* at 17 (emphasis added).

### II. Zwarycz's Should Not Be Granted Expedited Discovery or Extension of Time for Filing Her Opposition to Plaintiff's Rule 12(b)(6) Motion on Abuse of Process

In *Dormu v. Dist. of Columbia*, Civil Action 08-00309 (HHK) (Memorandum Opinion of June 7, 2011) (D.D.C., 2011), the Court outlined the current District of Columbia law on abuse of process:

> Under District of Columbia law, the tort of abuse of process allows plaintiffs to recover where they can show that a defendant has used the legal system "to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do." *Bown v. Hamilton*, 601 A.2d 1074, 1079

9

> (D.C. 1992) (internal quotation marks omitted). Although the D.C. Court of Appeals has left the tort's "exact elements far from clear," *Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 697 (D.C. Cir. 2009), <u>the existence of an ulterior motive is not enough</u>. *Morowitz v. Marvel*, 423 A.2d 196, 198 (D.C. 1980). In addition to ulterior motive, "one must allege and prove that there has been a perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge." *Id. Dormu*, at 34-35 (emphasis added).

Zwarycz fails to show that (i) Plaintiff has "has used the legal system 'to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do"; or (ii) Plaintiff has an "ulterior motive"; or (iii) in addition to "ulterior motive," Plaintiff has undertaken "a perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge."

The failure of Zwarycz's abuse of process claim is addressed in detail in Plaintiff's Rule 12(b)(6) Motion. Plaintiff will highlight a few points to show why discovery doesn't change the inherent deficiencies.

First, Zwarycz's abuse of process claim is essentially pleading the single element of ulterior motive. Throughout the Counterclaim, Zwarycz repeatedly claims, without evidence, that Plaintiff alleged copyright infringement against Zwarycz with an ulterior motive. *See Counterclaim* ¶¶ 34-49. Even if the allegation of ulterior motive was true, which it is not, ulterior motive alone is insufficient to make out a claim for abuse of process. *See Dormu*, at 34-35. Even Zwarycz concedes this fact. *See Def.'s Mot. to Extend Time* at 4, fn. 2.

Second, Zwarycz attempts to bootstrap this allegation of ulterior motive to satisfy the element of perversion of process. She alleges that Plaintiff's copyright infringement claim is an attempt at extortion and attempt at defamation. *See id.* at 3-4. The offered factual support for this naked allegation appears to be the alleged ulterior motive. *See id.* Zwarycz alleges that the

complaint and subpoena to the ISPs were perversions of process because they were filed with no factual support. *See id.* at 4. Plaintiff would again refer to *United States v. Perez*, 484 F.3d 735 (5th Cir. 2007), which was discussed in detail in the Plaintiff's 12(b)(6) motion, where the Fifth Circuit held that illegal activity originating from an IP address was sufficient probable cause to search the apartment of the IP address owner and supported the conclusion that the owner of the IP address was responsible for the illegal activity. *See id.* at 740 & fn. 2.

Plaintiff also would note that Zwarycz's allegation of perversion of process is not a factual matter, but an issue of legal sufficiency. The fact is that Plaintiff found activity of copyright infringement at the IP address owned by Zwarycz. Zwarycz does not seem to be challenging this fact. Zwarycz attempts to use this established fact to support the legal conclusion that such evidence does not support Plaintiff's allegations of copyright infringement against Zwarycz. *See Def.'s Mot. to Extend Time* at 1-2 (alleging that it was impossible for the Plaintiff to make the allegation of copyright infringement against Zwarycz without knowing her identity). Again, *Perez* court held to the contrary. *See Perez*, 484 F.3d at 740 & fn. 2. Armed with the knowledge and evidence of infringing activity at a particular IP address, there was absolutely nothing improper about alleging that the owner of the IP address committed the activity in question.

Zwarycz also attempts to make a big deal of a press release where Plaintiff's attorney stated that there may be certain defenses to copyright infringement. *See Def.'s Mot. to Extend Time* at 2-3. Zwarycz claims that Plaintiff's attorney was quoted as saying "that this type of suit was impossible to prove." *Id.* at 3. This is a complete misrepresentation. The actual paragraph reads as follows:

> "There are multiple reasons why the law firms may have tracked down
> the wrong person. For example, someone may have downloaded a

11

>movie by through a Wi-Fi network used by many people, or a minor child may have used the parents' computer. Finally, there is the human or computer error factor, maybe the user was actually out of town when the alleged download occurred," adds Mike Meier, of Counsel to the law firm. "Courts are still dealing with many unresolved issues in these cases where people allegedly download movies or other works from the internet."

Contary to Zwarycz's assertions, there is absolutely no statement that even remotely suggests that these types of cases are impossible to prove. While there may be certain affirmative defenses available to defendants after prima facie case of copyright infringement has been made, that doesn't make the case impossible to prove. Zwarycz's misrepresentation about what Plaintiff's attorney stated in a press release is another in a long line of Zwarycz or her attorney's troubling misrepresentations and bad faith in this matter.

If anybody is abusing the legal system, it is Zwarycz because she made a very profound misrepresentation to the Court with the Affidavit of the "Comcast Engineer": *See Exhibit 1, Statement of John Seiver of Davis Wright Tremaine, LLP:* "*One of the attachments to the Counterclaim is the Declaration of Stephen Hendricks who, among other things, is employed by Comcast as a Virtual Customer Account representative. ... I am writing to confirm that Mr. Hendricks is indeed not authorized to speak on behalf of Comcast in this matter, or any other matter, and was never authorized to communicate with Ms. Zwarycz or provide her any information in his Declaration. He is not employed in a position within Comcast that has any relationship to IP address assignment methodology or technology.*"

### III. Zwarycz Should No Be Granted Expedited Discovery or Extension of Time for Filing Opposition to 12(b)(6) Motion on Defamation

In her second Counterclaim, Zwarycz argues that Plaintiff committed defamation by serving a subpoena upon Comcast to seek the identity of the person whose IP address was observed illegally trading Plaintiff's copyrighted Motion Picture.

Zwarycz's claim of defamation is completely baseless. Again the relevant arguments are discussed in detail in the Plaintiff's 12(b)(6) motion, but simply put, even if all of her allegations were true, the absolute judicial proceedings privilege bars Zwarycz's defamation claim. *Finkelstein v. Hemispherx Biopharma*, 774 A.2d 332, 338 (DC, 2001). Short of rewriting DC law on defamation and judicial proceedings privilege, nothing the Defendant could obtain during discovery will revive this frivolous claim.

### IV. Motion for Attorneys' Fees under 28 U.S.C. Section 1927 and Court's Inherent Power

Plaintiff is renewing its request for sanctions upon Zwarycz's counsel for their frivolous Counterclaims. 28 U.S.C. Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Zwarycz's counsel continues to show bad faith. Zwarycz filed Counterclaims that lack a basis in law, and misrepresented to have a supporting affidavit from a "Comcast Engineer."

In *Ginsberg v. Granados*, 963 A.2d 1134 (DC, 2009), the District of Columbia Court of Appeals upheld sanctions based on an identical defamation claim. The Court therefore upheld sanctions upon the attorneys.

Zwarycz' counsel presented an identical defamation claim, while such claim is clearly barred by the judicial process privilege. Zwarycz counsel is continuing to act upon bad faith, as shown by this frivolous motion to extend time. Therefore, sanctions are warranted under 28 U.S.C. Section 1927 and under the Court's inherent power.

## CONCLUSION

Zwarycz's "Motion to Extend Time for Filing Her Opposition and to Permit Necessary Discovery to Proceed on an Expedited Basis" must be denied.

Zwarycz's Counterclaims are frivolous and lack any legal basis, thus factual discovery does not do them any good. As for "abuse of process," Plaintiff did not seek anything that cannot be sought through the legal process. Furthermore, there was no bad faith as alleged by Zwarycz.

Her "defamation" claim is absurd on its face, as nobody except Zwarycz herself publicized her name as being associated with this copyright infringement lawsuit. Further, that claim is absolutely barred by the judicial proceedings privilege.

Based on 28 U.S.C. Section 1927 and the Court's inherent powers, this Court should award attorneys' fees against Zwarycz's counsel.

WHEREFORE Plaintiff requests this Court to:

A. Deny Zwarycz's Motion, and

B. Award Plaintiff attorneys' fees and costs based on 17 U.S.C. Section 505.

C. Sanction Zwarycz' counsel under 28 U.S.C. Section 1927 for unreasonably and vexatiously multiplying the proceeding with bizarre and baseless counterclaims.

Respectfully submitted this 17th day of February, 2012.

FOR THE PLAINTIFF:

By: ___/s/ Mike Meier_____
Mike Meier (D.C. Bar #444132)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email:
mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFF

**EXHIBITS**

(1) Statement of John Seiver of Davis Wright Tremaine, LLP, stating that Comcast does not endorse the statements in the affidavit of Stephen Hendricks that was attached to Zwarycz's Answer and Counterclaims: "*One of the attachments to the Counterclaim is the Declaration of Stephen Hendricks who, among other things, is employed by Comcast as a Virtual Customer Account representative. ... I am writing to confirm that Mr. Hendricks is indeed not authorized to speak on behalf of Comcast in this matter, or any other matter, and was never authorized to communicate with Ms. Zwarycz or provide her any information in his Declaration. He is not employed in a position within Comcast that has any relationship to IP address assignment methodology or technology*."

**CERTIFICATE OF SERVICE**

I hereby certify that on 17 February 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. I will also serve a copy by facsimile upon counsel:

John C. Lowe
John Lowe, P.C.
5920 Searl Terrace
Bethesda, MD 20816

Robert T. Hall
Hall and Sethi, P.L.C.
12120 Sunset Hills Road
Suite 150
Reston, VA 20190

                By:   /s/ Mike Meier
                      Mike Meier (D.C. Bar #444132)
                      The Copyright Law Group, PLLC
                      4000 Legato Road, Suite 1100
                      Fairfax, VA 22033
                      Phone: (888) 407-6770
                      Fax: (703) 546-4990
                      Email:
                      mike.meier.esq@copyrightdefenselawyer.com

                      ATTORNEY FOR PLAINTIFF