IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Third Degree Films, Inc.<br>20525 Nordhoff Street, Suite 25<br>Chatsworth, CA 91311,<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1 – 152,<br><br>    Defendants. | CA No. 1:11-cv-01833-BAH<br>Judge Beryl Howell |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO HAVE PLAINTIFF'S DEPOSITION TAKEN TELEPHONETICALLY**

Defendant, by counsel, submits the following Opposition to Plaintiff's Motion to Have Plaintiff's Deposition Taken Telephonically.

**BACKGROUND**

Plaintiff Third Degree Films, Inc. (hereinafter "TDF") filed a Complaint against 152 John Does, including Defendant Bailey Zwarcyz, alleging copyright infringement under 17 U.S.C. §§ 101 *et. seq.*

Defendant Zwarcyz responded by filing an Answer and Counterclaim alleging abuse of process by Plaintiff. On March 15, 2012, this Court entered a scheduling order for this matter. Pursuant to the Court's scheduling order, on March 19, 2012, Defendant Zwarycz served a Notice of Deposition of TDF pursuant to Fed. R. Civ. P. Rule 30(b)(6). The TDF deposition was noticed to take place on April 25, 2012 at the office of counsel for Defendant Zwarycz in Reston, Virginia. TDF's counsel objected to the deposition location and insisted that the TDF deponent

be seated in California for his deposition and deposed telephonically. Defendant Zwarycz objected to the telephonic deposition. Thereafter, in response to this discovery dispute, TDF's counsel filed a motion seeking leave for TDF's designee(s) to appear for deposition by phone and Plaintiff now files this opposition.

## Preliminary Objection

This is the second time that Plaintiff has failed to comply with the Standing Order of the Court regarding discovery disputes. The Standing Order, Paragraph 9, requires a procedure that presumably aims at providing an opportunity to negotiate disputes or at least narrow them in order to avoid undue work for parties and the Court. Not only did Plaintiff's counsel not meet and confer on the Discovery Dispute of the location of the deponent for the Rule 30(b)(6) deposition of Plaintiff, but he never provided basic information necessary for a meaningful discussion, such as the identity and position of the deponent, Plaintiff's counsel's scheduling conflicts that might enter into the dispute, the deponent's scheduling problems, if there were any, and other factors that would be susceptible of discussion.

Not once regarding this dispute did Plaintiff's counsel call chambers and obtain permission to file the motions, as required by the Standing Order. Defendant believes that the Court should consider denying the motion for that reason alone.

## ARGUMENT

**1. The Deposition of Plaintiff Corporation is Not Required to be Taken at Plaintiff's Place of Business.**

In general, courts have found that the deposition of a corporate representative should ordinarily be taken at the corporation's principal place of business. However, that principle is primarily applied "when the corporation is the defendant." *Zuckert v. Berkliff Corp.,* 96 F.R.D. 161, 162 (N.D. Ill. 1982); see also *Moore v. Pyrotech Corp.,* 137, F.R.D. 356 (D. Kan. 1991).

2

When the corporation is the plaintiff, at least one court has required the corporation to travel to the forum state in order to conduct a deposition of the plaintiff. See *South Seas Catamaran, Inc. v. Motor Vessel "Leeway,"* 120 F.R.D. 17, 21 (D.N.J. 1988).

Applying this reasoning, a plaintiff corporation that has elected to avail itself of a specific forum in which to pursue an action should be required to appear in that forum for all purposes, including a deposition. Defendant Zwarycz has played no role in the choice of forum for this lawsuit, and in fact, would not typically come within the jurisdiction of this Court since she lives over 250 miles away in Western Virginia. Thus, TDF should not be entitled to a deposition at its principal place of business since it is the Plaintiff in the instant case.

### 2. Plaintiff Should be Required to Show Compelling Circumstances to Prevent a Deposition in the Forum Jurisdiction.

Courts have devised two different standards for evaluating the burden in these situations. Plaintiff has proposed a standard which would require the party opposing the telephonic deposition to bear the burden of demonstrating good cause why the deposition should not be conducted by telephone. See *Plaintiff's Memorandum* 3. However, there is also a long enunciated policy "requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances." *Clem v. Allied Van Lines International Corp.,* 102 F.R.D. 938, 939 (S.D.N.Y. 1984). In instances such as this, where the party refusing to travel to the forum is the same party which initiated the suit in the forum, the standard found in *Clem* should be applied.

A number of courts have distinguished between defendant deponents and plaintiff deponents when determining whether a party deponent should have to appear in the forum state for a deposition. See *Zuckert,* 96 F.R.D. at 162; *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (explaining that as the party initiating the action, the plaintiff should not complain if

3

they are required to travel great distances to pursue discovery); *South Seas Catamaran, Inc.,* 120 F.R.D. at 21 (plaintiff corporation was required to comply with deposition request in the New Jersey forum even though the principal place of business was in Florida); *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.,* 187 F.R.D. 578, 588 (D. Minn. 1999) (distinguishing between the defendant who had no choice in selecting the venue and the plaintiff who chose the forum voluntarily). These courts have reasoned that as the party initiating the lawsuit and choosing the forum, the plaintiff should be required to bear the burden of any inconvenience during discovery. Accordingly, these courts have found that plaintiffs should be required to travel to the forum state for a deposition unless compelling circumstances relieve them of their duty. Because TDF is the Plaintiff in this case, the *Clem* standard should be applied and TDF should be required to appear in the District of Columbia unless it can show compelling circumstances to relieve it of this duty.

3. **Plaintiff Fails to Show Compelling Circumstances to Allow for the Use of a Telephonic Deposition.**

Plaintiff has failed to prove any compelling circumstances which would compel the use of a telephonic deposition pursuant to Rule 30(b)(4).

Plaintiff argues that the deponent would have to travel over 4,600 miles in order to attend the deposition. Plaintiff does not allege that Plaintiff lacks the finances or the time to travel this distance for a deposition. This is a far cry from cases allowing telephonic depositions because the deponent lacked the finances necessary to travel for to the deposition. See *DePetro v. Exxon Inc.,* 118 F.R.D. 523 (M.D. Ala. 1988); *Forde v. Urania Transp., Inc.,* 168 F. Supp. 240 (S.D.N.Y. 1958).

Moreover, Plaintiff further suggests instead that Defendant can travel over 4,600 miles to California with two counsel and an expert to attend the deposition in person. However, as the

Defendant in this case, who had no choice of forum and who only brought a counterclaim due to the Plaintiff's actions in the same case, Defendant should not be the one required to travel for the deposition. The Plaintiff filed this lawsuit in a jurisdiction it selected for all purposes, not only the initiation of the suit, but also for discovery and trial, at which time Plaintiff's officers and owner are expected to appear in person. Defendant will have at least two lawyers, an expert witness, and – her academic and work schedule permitting -- the Defendant herself at the deposition. That would mean that this graduate student would have to pay for the travel expenses of four people to California for the deposition. Accordingly, Plaintiff is capable of attending the deposition in the forum venue and should be required to do so.

Furthermore, in initiating the sort of mass litigation that it has in this forum as well as others, including New York, Houston, and Maryland, to name just a few, Plaintiff cannot argue that it will be burdened by such travel when it was a foreseeable and highly expected aspect of such litigation. Plaintiff knew or should have known that initiating litigation in those fora would normally result in a need to travel to those fora for depositions, and should have factored that into its decision on litigating in those fora. The costs of such travel would seem relatively minor in light of the substantial claims involved in this case where the Plaintiff has sought to obtain $2,500 each from 152 Defendants through settlement alone; a factor that the court found compelling in the *Clem* case when determining the amount of hardship imposed on the deponent. *Clem*, 102 F.R.D. at 940. Moreover, courts have found that "a claim of financial hardship, taken alone, does not demonstrate the exceptional or compelling circumstances" required by the standard in *Clem*. *Farquhar*, 116 F.R.D. at 72. Accordingly, any burdens Plaintiff might incur by travelling to the forum jurisdiction for deposition do not amount to compelling circumstances.

   **4. Defendant Possesses Good Cause to Oppose a Telephonic Deposition.**

Even assuming *arguendo* that Plaintiff's proposed standard should be used and Defendant must show good cause why the deposition should not be conducted by telephone, Defendant is able to meet this standard. While Defendant recognizes the economic benefit of using telephonic conferences in certain situations, the deposition of Plaintiff by telephone in this instance would be extremely prejudicial to Defendant Zwarycz.  The instant case has proven to be one of great complexity and length involving over 150 Defendants, a foreign corporation as Plaintiff, third-party internet service providers, and a number of similar lawsuits filed by Plaintiff and others which will likely be pertinent to this case.  As such, this is an extremely complex case and any depositions will be very lengthy, complicated, and expensive as well.  Defendant Zwarycz is a mere college graduate student of very limited means, whereas Plaintiff is pornographic film company which owns copyrights to over 170 pornographic films.  Having enough financing to pay for creation of that many feature films is proof that TDF can afford to send its deponent to Reston, VA for its deposition.

In deposing Plaintiff, Defendant Zwarcyz and counsel will need to review a number of convoluted and highly contentious topics which go to the personal knowledge and motives of the Plaintiff.  To prove her abuse of process counterclaim, Defendant wants to prove ulterior motive on the part of the Plaintiff, and in doing so, the demeanor and conduct of Plaintiff's deponent during the deposition will be extremely relevant.  While technology has far improved the discovery methods in civil litigation, it cannot replace the benefits of face to face person contact with another individual.  Since one of the elements Defendant wants to prove for her counterclaim involves the personal motives of the owner and officers of the Plaintiff company, an element not involved in most other civil cases, refusing to permit telephonic conferences in these instances would not threaten the underlying need for Rule 30(b)(4) as other courts have


feared. Rather, it would show a set of circumstances in which the needs of the deposing party outweigh the underlying reasons for Rule 30(b)(4).

Furthermore, Plaintiff's contention that it is not a key witness in this case is simply wrong. *Plaintiff's Memorandum* 2. Plaintiff ignores the fact that in initiating this suit, it has provided cause for Defendant Zwarycz's counterclaim for abuse of process. As such, the Defendant is more than entitled to depose Plaintiff concerning the facts necessary to prove abuse of process. As stated above, these facts will go directly to Plaintiff's motives and knowledge and will certainly make Plaintiff's owner and officers key witnesses in this case. As such, TDF's deposition will be extremely important and should be taken in person, face-to face.

Despite Plaintiff's questionable contention that the deposition will involve few or no documents, Defendant believes that a significant number of documents will be used in this deposition. There have already been a number of exhibits used in the pleadings filed by both parties, as well as a number of relevant documents discovered through Defendant's own investigation into the case. Moreover, the impending discovery is likely to produce a number of documents and electronic data that could be used in the deposition as relevant evidence. Defendant's pending written discovery requests, which are due to be answered shortly by Plaintiff, will produce more documents for deposition examination and more subjects arising from responses provided to the discovery requests. As such, Plaintiff's contention that few or no documents will be involved is baseless and wrong. With the prospect of numerous exhibits being used in this complex deposition, a face to face deposition is necessary in order to avoid confusion and the possible misidentification of documents.

Additionally, one of the most useful tools at a deposition can be having the designee create diagrams, drawings, lists, or sketches in response to inquiries under various subjects. Both

lead counsel for Defendant and her expert need to be present to observe that. With a telephonic deposition there is also a danger that someone outside of the view of the video camera may coach the designee silently by gestures or pasteboard signs, and Defendant's counsel would need to be present to assure that such conduct does not occur.

Combined, the reasons stated above provide good cause as to why this deposition should not be conducted by telephone or other remote means.

## CONCLUSION

For the foregoing reasons, the Defendant asks that this Court DENY Plaintiff's motion to have Plaintiff's deposition taken telephonically and ORDER Plaintiff to have properly prepared designees appear in Reston, Virginia -- the forum venue --  venue for the deposition.

Respectfully submitted,

Bailey Zwarycz
By Counsel

/s/ John C. Lowe
John Lowe, P.C.
DC Bar No. 427019
5920 Searl Terrace
Bethesda MD 20816
202-251-0437 W
301-320-8878 Fax
johnlowe@johnlowepc.com

Robert T. Hall
Hall and Sethi, P.L.C.
D.C. Bar No. 5447
12120 Sunset Hills Road
Suite 150
Reston VA 20190
703-925-9500 W
703-435-1790 W
rthall@hallandsethi.com

*Counsel for Defendant Bailey Zwarycz*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 6th day of April, 2012, I will electronically file the foregoing with the Clerk of the Court for service on parties using the CM/ECF system.

                  /s/ John C. Lowe
                  John C. Lowe