UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THIRD DEGREE FILMS, INC.<br>20525 Nordhoff Street, Suite 25<br>Chatsworth, CA 91311<br><br>    Plaintiff,<br><br>v.<br><br>DOES 1 – 152<br><br>    Defendants. | No. 1:11-cv-01833-BAH<br>MOTION; MEMORANDUM |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RULE 41 MOTION TO DISMISS**

Plaintiff Third Degree Films, Inc. ("Plaintiff"), filed a Complaint against John Does who have traded the same identical file of Plaintiff's copyrighted work without authorization through a file-swapping network ("Peer-to-Peer" or "P2P" network). The Complaint alleges one Count of Copyright Infringement.

On or about January 30, 2012, out of the blue, Bailey Zwarycz ("Zwarycz" or "Defendant"), by and through counsel, filed an Answer and Counterclaims. Plaintiff had not named Zwarycz in the Complaint, and never had an opportunity to review Zwarycz's case beforehand. Zwarycz resides in Blacksburg, Virginia, and is thus subject to jurisdiction of this Court only because she voluntarily entered an appearance.

As to Zwarycz' Counterclaims, Zwarycz voluntarily dismissed the "defamation" Counterclaim, and the Court dismissed her "abuse of process" Counterclaim.

Upon further investigation, Plaintiff found that Zwarycz's two known IP addresses have been used for multiple and ongoing copyright infringements. It is highly likely that additional IP addresses are associated with Zwarycz as her Comcast IP address is dynamic and changes

1

periodically. Plaintiff filed a Motion seeking additional discovery from Zwarycz's internet service provider (ISP) Comcast, which the Court granted.

Zwarycz eventually disclosed that she has a boyfriend and several roommates living with her who may have used her internet connection. However, this Court does not have jurisdiction over those individuals, and Zwarycz refused to permit Plaintiff to inspect the other computers in the household and the internet set-up.

On May 1, 2012, Plaintiff's and Defendant's experts met in the presence of counsel to jointly review the C-drive of Zwarycz's laptop computer. The examination itself took only about 15 minutes, and no evidence of BitTorrent downloads was detected.

Because the current complaint only alleges "direct" copyright infringement, and Plaintiff is unable to investigate all computers in the household, Plaintiff is seeking to dismiss the present case against Zwarycz without prejudice. Zwarycz may again be implicated depending on a more substantial investigation.

Plaintiff's and Defendant's counsel have communicated in this regard, and could not agree on a stipulation of dismissal. Therefore, Plaintiff is filing the present Motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 41 provides:

**Rule 41. Dismissal of Actions**
(a) Voluntary Dismissal.
(1) *By the Plaintiff.*
[…] (2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Dismissals without prejudice pursuant to Rule 41(a)(2) "are generally granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986). *See also* 9 FED. PRAC. & PROC. 2d § 2364.

A court applying Rule 41(a)(2) must consider whether the plaintiff seeks the motion for voluntary dismissal in good faith, and whether the dismissal would cause the defendant "legal prejudice" based on factors such as any excessive delay or lack of diligence by the plaintiff in prosecuting the action, an insufficient explanation by the plaintiff for taking nonsuit and the stage of the litigation. *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296 (D.D.C. 2000). This standard was more recently discussed by the Court in *Pharm. Care Mgmt. Assoc. v. District of Columbia*, No. 04-1082 (RMU) (D.D.C., Memorandum Opinion of July 12, 2011).

## ARGUMENT

Plaintiff seeks dismissal of the above-stated claims in good faith and Defendant will suffer no legal prejudice if dismissal without prejudice is granted.

### *Plaintiff is Seeking the Motion for Voluntary Dismissal in Good Faith*

Plaintiff has acted expeditiously in this case and is seeking the dismissal based on the inspection of Zwarycz's laptop's C-drive that shows no evidence of BitTorrent downloads. Plaintiff had responded to Zwarycz's discovery requests, and no depositions have taken place.

However, Plaintiff's investigation after receiving Zwarycz's Answer and Counterclaim strongly indicated that a mass infringer has been using Zwarycz's internet connection over an extended period of time for multiple copyright infringements. Since Zwarycz is not cooperating in that investigation, and Plaintiff is unable to fully investigate the matter in the current forum

because there is no jurisdiction over Zwarycz's household members, Plaintiff is seeking dismissal of the case without prejudice.

***The Dismissal Will Cause The Defendant No "Legal Prejudice" Based On Factors Such As Any Excessive Delay Or Lack Of Diligence By The Plaintiff In Prosecuting The Action, An Insufficient Explanation By The Plaintiff For Taking Nonsui,t And The Stage Of The Litigation.***

Here, Plaintiff acted expeditiously in this early stage of the litigation. Plaintiff responded to Zwarycz's discovery request in a timely fashion. In fact, Plaintiff responded early to Zwarycz's discovery request in order to move the case ahead. Plaintiff accepted the first available date that Zwarycz offered for the inspection of her computer (which was Tuesday, May 1, 2012) and is moving for dismissal only 3 days after that inspection (which is today, Friday, May 4, 2012) based on the fact that the laptop computer shows no BitTorrent downloads.

Plaintiff acted diligently in investigating the matter. In fact, based on diligent investigation, Plaintiff discovered that Zwarycz's known IP addresses have been used by a mass infringer. The identity of this mass infringer, and his relationship with Zwarycz, if any, are as of yet unknown. Zwarycz is refusing to cooperate in this regard.

Zwarycz will not be prejudiced by this dismissal. The prospect of a second lawsuit does not constitute legal prejudice. *See, e.g., Cone v. W. Va. Pulp & Paper Co.,* 330 U.S. 212, 217 (1947) (*explaining that a voluntary dismissal should be granted "unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit"*); *Jones v. Sec. Exch. Comm'n,* 298 U.S. 1, 19 (1936) (holding that a complainant should be granted the right to dismiss a claim unless it would "prejudice the defendants in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind"); *Conafay,* 793

F.2d at 353 ("[W]e simply observe that dismissals have generally been granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage.").

Zwarycz may argue that she has incurred substantial expenses. However, it was Zwarycz herself who retained two attorneys and experts before filing her Answer and Counterclaims out of the blue. Zwarycz could have contacted Plaintiff at cost of one telephone call to explain that she is not subject to the jurisdiction of the Court.

Zwarycz also presented a second "expert" who turned out to be a virtual customer account representative at Comcast with no background in the areas he claimed to have knowledge of. *See Statement from John Seiver, Counsel for Comcast, attached to Plaintiff's Opposition to Zwarycz Motion to Extend Time for her to file an Opposition to Plaintiff's Rule 12(b)(6) motion.* "One of the attachments to the Counterclaim is the Declaration of Stephen Hendricks who, among other things, is employed by Comcast as a Virtual Customer Account representative. … I am writing to confirm that Mr. Hendricks is indeed not authorized to speak on behalf of Comcast in this matter, or any other matter, and was never authorized to communicate with Ms. Zwarycz or provide her any information in his Declaration. He is not employed in a position within Comcast that has any relationship to IP address assignment methodology or technology." Plaintiff does not know if Zwarycz compensated that "expert" for his services. If she did, then it was her own decision to hire an unqualified "expert."

Furthermore, Zwarycz is insisting on the deposition of Plaintiff on May 15, 2012, and wishes to videotape that deposition – *even after her counsel was informed that Plaintiff would file the present Rule 41 motion*. Again, that is an expense that Zwarycz decided to incur. Plaintiff would prefer to not undergo the deposition in light of the present motion, but it is Zwarycz who

insists on it. One must ask whether taking the deposition and videotaping it is a wise investment of her time and money.

Also, *after* Plaintiff informed Zwarycz that it has found no BitTorrent on her laptop C-drive and that Plaintiff would dismiss the present case against her, Zwarycz responded to Plaintiff's discovery requests. Again, that was Zwarycz's decision. Plaintiff did not demand that she comply.

The mere fact that a defendant may have incurred substantial expense prior to dismissal does not amount to legal prejudice. *In re Vitamins*, 198 F.R.D. at 304-05. Finally, litigation expenses are not deemed "wasted" if they may be of use in future litigation. *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29 (D.D.C. 2004).

\*\*\*

WHEREFORE Plaintiff requests this Court to dismiss the case without prejudice.

Respectfully submitted this 4th day of May 2012.

FOR THE PLAINTIFF:

By:   /s/ Mike Meier
Mike Meier (D.C. Bar #444132)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email:
mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on 4 May 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. I will also serve a copy by email upon counsel:

John C. Lowe
John Lowe, P.C.
5920 Searl Terrace
Bethesda, MD 20816

Robert T. Hall
Hall and Sethi, P.L.C.
12120 Sunset Hills Road
Suite 150
Reston, VA 20190

*Counsel for Defendant Bailey Zwarycz*

John Seiver
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
 Washington, DC 20006-3401

*Counsel for Comcast*

By:   /s/ Mike Meier
Mike Meier (D.C. Bar #444132)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email:
mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFF